IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:17CR28 |
| vs. | ORDER |
| GREGORY BARTUNEK, | |
| Defendant. | |

This matter is before the Court on defendant Gregory Bartunek's ("Bartunek") Motion for Release (Filing No. 84) and Motions to Recuse and to Appoint Independent Counsel (Filing No. 86). Bartunek has also filed a Notice to Court and Public Defender stating the Court, his "Public Defender, and the Public Defenders [sic] Office are violating [his] due process and constitutional rights by preventing [him] from access to technology, resources, legal books, and not providing [him] any legal assistance" (Filing No. 93). Bartunek has attached two letters to that notice describing the difficulties he is having preparing his case and his considerable expectations for his standby counsel. For the reasons stated below, the motions are denied.

**I.    Release**

In his first motion, Bartunek again asks the Court to release him before trial. As the Court explained in its order dated April 25, 2017, Bartunek's appeal of this Court's detention decision divested this Court "of jurisdiction over aspects of the case that are" related to his detention. *United States v. Queen*, 433 F.3d 1076, 1077 (8th Cir. 2006) (per curiam). Bartunek's Motion for Release is denied for lack of jurisdiction. *See* Fed. R. Crim. P. 37(a)(2) (authorizing the denial of a motion "for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending").

**II.    Recusal**

Bartunek asks me to recuse myself. As grounds for his Motion to Recuse, Bartunek alleges that I

would not be able to give the defendant a fair trial or a reasonable sentence if convicted because the defendant has offended [me] to such a great extent by going Pro Se, by accusing [me] of judicial abuse in regard to his detention hearing, and of gross misconduct.

Bartunek does not provide a legal basis for his recusal request.

By statute, a judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The Eighth Circuit has "recast the issue as 'whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case.'" *Moran v. Clarke*, 296 F.3d 638, 648 (8th Cir. 2002) (en banc) (quoting *In re Kan. Pub. Emps. Ret. Sys.*, 85 F.3d 1353, 1358 (8th Cir. 1996)).

A judge must "also disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party." *Id.* at § 455(b)(1); see also 28 U.S.C. § 144. "When a party seeks to establish bias or prejudice from court conduct, the party must show 'that the judge had a disposition so extreme as to display clear inability to render fair judgment.'" *United States v. Melton*, 738 F.3d 903, 905 (8th Cir. 2013) (quoting *United States v. Denton*, 434 F.3d 1104, 1111 (8th Cir. 2006)). "Because a judge is presumed to be impartial, 'the party seeking disqualification bears the substantial burden of proving otherwise.'" *United States v. Dehghani*, 550 F.3d 716, 721 (8th Cir. 2008) (quoting *United States v. Denton*, 434 F.3d 1104, 1111 (8th Cir. 2006)).

Bartunek does not meet this exacting standard. Bartunek "points to no statement or other indications . . . that would suggest the type of deep-seated antagonism necessary to demonstrate bias or partiality." *United States v. Gamboa*, 439 F.3d 796, 817 (8th Cir. 2006). Bartunek alleges I was offended by his actions. That is not true. While I do not think it is wise for Bartunek or any other criminal defendant to proceed pro se, I recognize his right to do so and will make every effort to ensure that Bartunek receives a fair trial and that justice is served in this case. *See Faretta v. California*, 422 U.S. 806, 834-35 (1975). Nothing in my demeanor or interactions with Bartunek or my decisions

in this case would lead an objective person on the street with knowledge of the relevant facts to reasonably question my impartiality or my ability to render a fair judgment. My denials of Bartunek's repeated requests for release do not suffice. *Harris v. State of Mo.*, 960 F.2d 738, 740 (8th Cir. 1992) ("An unfavorable judicial ruling . . . does not raise an inference of bias or require the trial judge's recusal.").

Bartunek's recusal motion is denied.

### III. Standby Counsel

The Sixth Amendment to the U.S. Constitution provides a criminal defendant "the right to counsel and the right to self-representation." *Faretta*, 422 U.S. at 807. In his motion, Bartunek asks the Court to "hire an independent attorney to assist the defendant in his case." According to Bartunek, his standby counsel, Michael F. Maloney ("Maloney") "is non-communicative and not providing proper assistance to the defendant." More specifically, Bartunek complains Maloney (1) does not answer his "repeated letters"; (2) "won't give [him] cases to support his motions";[1] and (3) "won't help him find and hire experts needed."

In his letter dated May 3, 2017, Bartunek states his "counsel that is supposed to be assisting [him] in the above case, as per the sixth amendment of the U.S. Constitution is still failing to assist" him. Bartunek further states, "The fact of the matter is that I have not waived my right to counsel, and I am asking for their assistance, but they are refusing to assist me as they have since they were appointed to me, and the Court would not remedy it." Bartunek's assertion that he has retained his right to counsel is not accurate.

On April 3, 2017, Bartunek "knowingly, intelligently, voluntarily, and unequivocally waive[d] his right to counsel and state[d] his intention to represent himself." *Hamilton v. Groose*, 28 F.3d 859, 861 (8th Cir. 1994). In granting Bartunek's

---

[1]Since taking over his own representation, Bartunek has filed approximately twenty motions in this case, all after the deadline set for pretrial motions.

request to represent himself, the magistrate judge[2] appointed Maloney of the Federal Public Defender's Office to act as standby counsel for Bartunek. On April 28, 2017, the magistrate judge reiterated that appointment in an order addressing some of the logistics of Bartunek's self-representation (Filing No. 78).

Nonetheless, if Bartunek regrets his decision to waive his right to the assistance of counsel and would like to reassert that right, he may do so. If that is his choice, he should notify the Court immediately.

To this point, however, it is far from clear from Bartunek's submissions that he seeks to waive his right to self-representation and reassert his Sixth Amendment right to counsel. Rather, the Court reads Bartunek's submissions as a request for an attorney ready and willing to simply follow Bartunek's instructions and act, in essence, as his junior associate or law clerk. Bartunek is not entitled to that. *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984); *United States v. Einfeldt*, 138 F.3d 373, 378 (8th Cir. 1998).

Bartunek's complaints appear to be predicated on a basic misunderstanding of his decision to represent himself and Maloney's role as standby counsel. "A defendant's decision 'to represent himself involves two mutually exclusive constitutional rights: the right to be represented by an attorney, and the right *not* to be represented by an attorney.'" *Hamilton*, 28 F.3d at 862. A defendant can either be represented by competent counsel or he can represent himself. *United States v. Williams*, 534 F.2d 119, 123 (8th Cir. 1976). He has no constitutional right to some form of "hybrid or dual representation." *Cooley v. Nix*, 991 F.2d 801, Case No. 92-3184, 1993 WL 122093, at *1-2 (8th Cir. Apr. 22, 1993) (per curiam) (unpublished table decision); *United States v. Singleton*, 107 F.3d 1091, 1102 (4th Cir. 1997) (explaining a defendant has no right to "any intermediate accommodation"); *Williams*, 534 F.2d at 123 ("Most courts have held

---

[2]The Honorable Susan M. Bazis, United States Magistrate Judge for the District of Nebraska.

4

that a defendant has no right to hybrid representation, that is, to represent himself and to be represented by an attorney.").

The Court has discretion to appoint standby or advisory counsel. *United States v. Webster*, 84 F.3d 1056, 1063 (8th Cir. 1996). But Bartunek has no "absolute right to standby counsel," much less "a right to standby counsel of his own choosing." *Id*. He has no right to have standby counsel act as co-counsel or perform any particular function at his direction or on his behalf. *United States v. Swinney*, 970 F.2d 494, 498 (8th Cir. 1992); *Singleton*, 107 F.3d at 1100-02. The Court has "broad discretion to guide what, if any, assistance standby, or advisory, counsel may provide to a defendant conducting his own defense." *United States v. Lawrence*, 161 F.3d 250, 253 (4th Cir. 1998).

Here, the primary role of standby counsel "is to assist the defendant in procedural matters with which he may not be familiar and to facilitate a speedy and efficient trial by avoiding the delays often associated with pro se representation." *United States v. Washington*, 596 F.3d 926, 934 n.9 (8th Cir. 2010) (quoting *United States v. Campbell*, 874 F.2d 838, 849 (1st Cir. 1989)). Standby counsel should also be ready "to relieve the judge of the need to explain and enforce basic rules of courtroom protocol or to assist the defendant in overcoming routine obstacles that stand in the way of the defendant's achievement of his own clearly indicated goals," *McKaskle*, 465 U.S. at 184, and "to be available to represent the accused in the event that termination of the defendant's self-representation is necessary," *Faretta*, 422 U.S. at 834 n.46. Standby counsel is not obligated to act as a pro se defendant's co-counsel, junior associate, paralegal, or law clerk, as invaluable as those dedicated professionals are.

These are the Court's general expectations of Maloney as standby counsel. If he is not fulfilling this far-more-limited role, the Court can revisit this issue. But Bartunek has to be realistic in his expectations, especially in light of his affirmative choice to forgo "the full assistance of counsel, who would present [his] defense." *Swinney*, 970 F.2d at

5

498. Bartunek's exhaustive list of his demands and expectations of Maloney describe "the full assistance of counsel" and then some. *Id.*

"When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel." *Faretta*, 422 U.S. at 835; *see also United States v. Cooper*, 375 F.3d 1041, 1052 (10th Cir. 2004); *United States v. Byrd*, 208 F.3d 592, 593 (7th Cir. 2000). Even more, no attorney—whether in public service or private practice, standby or not—has unlimited time and resources to dedicate to one case. Counsel (especially standby counsel) is not insufficiently communicative by not being at a defendant's beck and call and by declining to repeatedly rehash prior discussions and resubmit unsuccessful motions.

The limitations on standby counsel do not exist to put the defendant at some disadvantage or to force him to retain counsel. *See*, *e.g.*, *Swinney*, 970 F.2d at 498. They are the natural consequence of a defendant's assertion of his right to represent himself. The Court is concerned that a more active role for standby counsel would (1) imprudently expose standby counsel to charges from an unsuccessful Bartunek down the road that counsel's efforts infringed Bartunek's constitutional right to self-representation and (2) raise difficult questions about whether standby or advisory counsel can be constitutionally ineffective in assisting a pro se defendant like Bartunek. *See*, *e.g.*, *Singleton*, 107 F.3d at 1101 (expressing concern about redefining "the role of counsel" and putting "courts in a nearly impossible position for determining what constitutes effective advice"); *United States v. Foster*, 230 F.3d 1364 (8th Cir. 2000) (unpublished per curiam). Bartunek himself raises the specter of an ineffective-assistance claim in his submissions to this Court.

Bartunek is confronting some of "the dangers and disadvantages" inherent in foregoing the assistance of experienced counsel to represent himself. *Faretta*, 422 U.S. at 835. Those "dangers and disadvantages" do not entitle him to impress Maloney into service as co-counsel, even if Maloney expressed to the magistrate judge some

willingness to provide some legal materials to Bartunek to assist his self-representation. *McKaskle*, 465 U.S. at 183. In other words, he cannot "have his cake (self-representation) and eat it too (representation by counsel)." *Cooley*, 991 F.2d 801, Case No. 92-3184, 1993 WL 122093, at *2.

Again, Bartunek does retain the ability "to reassert his right to representation by counsel." *Id.* at *2. If he wants to revisit the issue of his self-representation, the Court is certainly willing to set a hearing for that purpose. Based on the foregoing,

IT IS ORDERED:
1. Bartunek's Motion for Release (Filing No. 84) is denied for lack of jurisdiction.
2. Bartunek's Motions to Recuse and to Appoint Independent Counsel (Filing No. 86) are denied.
3. If Bartunek seeks to reassert his right to counsel and to waive his right to self-representation, he should notify the Court immediately.

Dated this 10th day of May, 2017.

BY THE COURT:

s/ *Robert F. Rossiter, Jr.*
United States District Judge