IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:17CR28 |
| vs. | ORDER |
| GREGORY BARTUNEK, | |
| Defendant. | |

A hearing was held in this case on May 24, 2017. Having heard the evidence presented at the hearing, the Court orders as follows with respect to several motions filed by Defendant. Each motion will be discussed, in turn, below.

**1.  Defendant's Motion to Reconsider.**

Through his Motion to Reconsider ([Filing No. 99](#)), Defendant, who is currently incarcerated at Douglas County Correctional Center, requests that he be provided access to a computer and legal resources. Defendant's Motion to Reconsider will be granted, but only as to (1) the amount of time Defendant is allowed access to the law library at Douglas County Correctional Center; (2) Defendant's access to his thumb drive and (3) Defendant's access to a book of the Federal Rules of Criminal Procedure given to him by his standby counsel.

The evidence at the hearing showed that Defendant, who is proceeding *pro se* in this case, is allowed to spend one hour per week in the law library. According to Defendant and the government, Defendant's amount of access to the library could be increasing to two hours per week. The Court finds that the amount of law library time presently being provided to Defendant should be increased. The Court hereby orders Douglas County Department of Corrections and/or Douglas County Correctional Center to allow Defendant to have access to the law library at least two hours per day, Monday through Friday.

The evidence presented at the hearing also showed that Douglas County Correctional Center has possession of a thumb drive that has Defendant's discovery and audio files on it. The thumb drive was not given to Defendant at his request in the law library. According to Defendant, he was told that someone was looking at the thumb drive and, consequently, it could not be provided to him. The Court hereby orders Douglas County Corrections to allow Defendant to have access to the discovery and audio files on the thumb drive.

Further, the evidence adduced at the hearing showed that Defendant's standby counsel provided Defendant with a copy of the Federal Rules of Criminal Procedure. Although inmates at the Douglas County Correctional Center are allowed to have books in their cells, Douglas County Department of Corrections will not allow Defendant to have this book in his cell. Defendant can only review the book when he is in the law library. Defendant is proceeding *pro se* and is required to comply with all Federal Rules and Procedures. Therefore, the Court orders that Defendant be allowed to have the Federal Rules of Criminal Procedures book provided by his standby counsel in his cell.

To the extent Defendant requests additional relief in his Motion to Reconsider ([Filing No. 99](#)) that is not specifically addressed above, the motion is denied.

   2.   **Defendant's Motion for Assistance.**

Defendant's "Motion for Assistance" ([Filing No. 109](#)) requests, in part, that the Court provide him assistance in this case. The Court cannot grant such relief. Defendant further requests that the Court order Defendant's standby counsel to work with the prosecutor to assist Defendant in preparing for the evidentiary hearing set for June 1, 2017. The Court will not order the prosecutor to help Defendant prepare his case. With respect to standby counsel, Judge Rossiter's order of May 10, 2017 ([Filing No. 96](#)) states what assistance standby counsel may provide to Defendant. Judge Rossiter made clear in his order that standby counsel can provide Defendant assistance with procedural matters. The Court finds that assisting Defendant with subpoenaing witnesses for the June 1, 2017 hearing is a procedural matter and will allow standby

counsel to assist Defendant in this regard. Therefore, Defendant's Motion for Assistance is granted as to subpoenaing witnesses, but denied in all other respects.

Accordingly,

**IT IS ORDERED:**

1. Defendant's Motion to Reconsider ([Filing No. 99](Filing No. 99)) is granted in part, and denied in part, as set forth above.

2. Defendant's Motion for Assistance ([Filing No. 109](Filing No. 109)) is granted in part, and denied in part, as set forth above.

Dated this 25th day of May, 2017.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge