IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:17CR28 |
| vs. | ORDER |
| GREGORY BARTUNEK, | |
| Defendant. | |

Defendant Gregory Bartunek ("Bartunek") is charged with knowingly possessing and distributing child pornography in violation of federal law. *See* 18 U.S.C. §§ 2252(a)(4)(B), 2252A(a)(2). This matter is now before the Court on Bartunek's Objections[1] (Filing Nos. 202, 203) to the magistrate judge's[2] Findings and Recommendation (Filing No. 184) recommending that the Court deny two of defendant Gregory Bartunek's ("Bartunek") eight Motions to Suppress (Filing Nos. 47 and 69), as well as his Motion to Amend (Filing No. 48); Motion to Dismiss (Filing No. 74); Motion to Compel (Filing No. 100); Motion for Reconsideration and Motion to Compel (Filing No. 158); and Motion for a *Franks*[3] Hearing (Filing No. 178) in their entirety. The

---

[1] Bartunek filed two comprehensive sets of objections and a supplement (Filing No. 207). The first set of objections was timely and advised the Court Bartunek experienced "technical problems" completing his objections. The second set—filed to provide a "complete" and "updated" replacement—was received two days after the extended deadline. As the government notes, both versions largely "raise the same issues and the same arguments." Under the circumstances and in line with the duty to liberally construe pro se objections, *see Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995), the Court has considered both versions.

[2] The Honorable Susan M. Bazis, United States Magistrate Judge for the District of Nebraska.

[3] *See Franks v. Delaware*, 438 U.S. 154, 155-56 (1978) (holding the Fourth Amendment requires a hearing "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and . . . the allegedly false statement is necessary to the finding of probable cause").

magistrate judge further recommends the Court deny two more of Bartunek's Motions to Suppress (Filing Nos. 80 and 82) in "all respects except for the issue of the probative value of the photographs versus" any prejudice to Bartunek. The magistrate judge likewise refers Bartunek's last four Motions to Suppress (Filing Nos. 70, 71, 72, and 85), which the magistrate judge construes as motions in limine, and his related Motion to Schedule (Filing No. 181) to this Court for disposition.

The Court has received Bartunek's Objections and the government's response (Filing No. 206), and this matter is now fully submitted and ready for decision. *See* NECrimR 59.2(a).

## I. DISCUSSION

### A. Standards of Review

Under 28 U.S.C. § 636(b)(1)(A), the Court "may designate a magistrate judge to hear and determine" most pretrial matters, subject to review by this Court. For other matters, including motions to dismiss and motions to suppress evidence, the Court may designate a magistrate judge to conduct an evidentiary hearing and submit "proposed findings of fact and recommendations for the disposition" of such motions. *Id.* at 636(b)(1)(B). When, as here, a party objects, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The Court "may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions." Fed. R. Crim. P. 59(b)(3).

### B. Bartunek's Objections

Bartunek has—in effect—objected to every finding, recommendation, and decision the magistrate judge made. In support of his objections, Bartunek asks the Court to consider additional evidence he did not present at the evidentiary hearing before the magistrate judge, including pictures of a second mailbox in front of his home, pictures of

an open underwear drawer, a copy of the manual from witness Paul Bartunek's phone, and an article about Internet Protocol ("IP") addresses. *See* NECrimR 59.2(b)(2).

Bartunek has not—despite specific notice from this Court—shown "good cause why" his additional photographic and background "evidence was not presented to the magistrate judge" as required by that rule. Moreover, as the government points out, Bartunek's additional evidence does not materially impact the central questions presented by his motions. Even if the Court were to accept all of the additional evidence, Bartunek still fails to present a persuasive argument that the affidavit was intentionally or recklessly false or materially misleading or that the search was unconstitutional under the totality of the circumstances in this case. *See*, *e.g.*, *United States v. Davis*, 557 F.2d 1239, 1248 (8th Cir. 1977) ("[S]earch warrants for a street address which later turns out to include separate residences or apartments have been upheld when the officers have reason to believe it is only a single family dwelling under the control of one person.").

After careful review of the record and the parties' submissions, the Court finds Bartunek's objections are unavailing, with just one exception—the objection to the recommendation that his Motion to Amend (Filing No. 48) be denied. On April 19, 2017, Bartunek moved to suppress evidence seized during the execution of a search warrant at his home (Filing No. 47). Shortly thereafter, Bartunek filed a Motion to Amend (Filing No. 48) that suppression motion, stating "that a clerical error was made on the original motion, omitting the [g]rounds required by [Federal Rule of Criminal Procedure] 47." Bartunek asked the Court to replace the first page of the motion with a replacement page that contained the required grounds "and treat the Amended motion as if the replacement page were the original in the motion." The Court finds this Motion to Amend (Filing No. 48) a "clerical error" should be granted.

In all other respects, the Findings and Recommendation of the magistrate judge will be accepted and affirmed. The Court will, nonetheless, address a few issues for clarity.

1. **Reliability**

As noted by the magistrate judge, Bartunek contends Omegle.com ("Omegle"), the social networking website that provided information of suspected child pornography to the CyberTipline of the National Center for Missing and Exploited Children ("NCMEC") pursuant to 18 U.S.C. § 2258A(a)(1)(A), acted as a confidential informant when it sent a CyberTip to NCMEC. As Bartunek sees it, the search warrant affidavit was materially misleading because it did not include sufficient information to establish Omegle's reliability under Nebraska law by showing that the company had given reliable information in the past or was acting as a citizen informant, or that the investigating officers' independent investigation established that Omegle (or its information) was reliable. Bartunek similarly claims the affidavit misled the issuing judge about the reliability of the information from Cox Communications ("Cox"), the internet service provider that provided the information linking Bartunek to the Internet Protocol address associated with the suspected child pornography. Bartunek's arguments are unpersuasive.

Bartunek has not cited, and the Court has not found, any case where a search warrant affidavit like the one in this case was found to be insufficient or materially misleading because it failed to provide the detailed information Bartunek would require. To the contrary, courts routinely uphold searches based in part on information from service providers like Omegle and Cox without an exhaustive reliability review. *See*, *e.g.*, *United States v. Lapsins*, 570 F.3d 758, 765 (6th Cir. 2009); *United States v. Terry*, 522 F.3d 645, 648 (6th Cir. 2008); *United States v. Edge*, No. CRIM. 14-201 MJD/TNL, 2014 WL 7685530, at *3 (D. Minn. Nov. 3, 2014), *report and recommendation adopted*, No. CRIM. 14-201 (1) MJD, 2015 WL 317366 (D. Minn. Jan. 25, 2015); *United States v.*

*Kling*, No. CR06-3007 MWB, 2006 WL 1980179, at *6 (N.D. Iowa July 12, 2006), *report and recommendation adopted*, No. CR06-3007-MWB, 2006 WL 2054375 (N.D. Iowa July 21, 2006) (listing cases and likening the information from internet service providers to "information provided by financial institutions, credit card issuers, and utility companies").

Though they do not always agree on the reasoning, those courts that have taken a closer look at the question of reliability readily find service providers like Omegle and Cox to be reliable. *See*, *e.g.*, *United States v. Cameron*, 652 F. Supp. 2d 74, 82 (D. Me. 2009) ("[T]he affidavits reflect that the information was coming from Yahoo! and the NCMEC, and each carries significant indicia of reliability."). Some courts have found the "statutory duty to report such information" enables judges to reasonably rely on it. *State v. Eal*, 2012-Ohio-1373, ¶17, 2012 WL 1078331 (Ohio Ct. App. 2012); *see also People v. Rabes*, 258 P.3d 937, 941 (Colo. Ct. App. 2010). Other courts have likened corporate service providers reporting suspected child pornography to a citizen informant or witness and apply a "presumption of reliability." *State v. Woldridge*, 958 So.2d 455, 458-59 (Fla. Ct. App. 2007); *accord Manzione v. State*, 719 S.E.2d 533, 537 (Ga. Ct. App. 2011); *State v. Sisson*, 883 A.2d 868, 880 (Del. Super. Ct. 2005), *aff'd*, 903 A.2d 288 (Del. 2006) ("AOL was essentially a citizen witness to a crime and, as such, is presumed to be reliable. Accordingly, the Court finds that, under the circumstances, AOL was a reliable informant and no independent corroboration of the information provided by AOL was required.").

Based on this framework and the facts in this case, Bartunek's challenges to the affidavit and search warrant must fail. Assuming the affidavit must establish a service provider's reliability as Bartunek contends, the Court finds the information provided to the issuing judge in this case was sufficient. As the government points out, Omegle did not act as a confidential or anonymous informant in reporting suspected child

pornography to NCMEC as required by federal law, and there is nothing to suggest Omegle and Cox are unreliable.

The information from the service providers was based on their respective business records. *Kling*, 2006 WL 1980179, at *6; *Cf. United States v. Cameron*, No. 1:09-CR-00024-JAW, 2014 WL 5323396, at *5 (D. Me. Oct. 17, 2014), *aff'd*, 835 F.3d 46 (1st Cir. 2016) (explaining that the reliability of NCMEC reports from a service provider records underlying a CyberTip rested on the provider's "system of business practices for detecting and reporting child pornography"). "Except in unusual circumstances, courts do not require information regarding the credibility of a records custodian or other company employee who verifies business records." *Kling*, 2006 WL 1980179, at *6.

In addition, the affidavit states the investigating officer viewed the image identified by Omegle and corroborated the tip, providing a description of the suspected child pornography in the affidavit. *See*, *e.g.*, *Illinois v. Gates*, 462 U.S. 213, 241 (1983) (recognizing the value of corroboration); *Rabes*, 258 P.3d at 941. Under the totality of the circumstances in this case, the Court is satisfied the affidavit and application provided sufficient information for the issuing judge to find probable cause to issue the search warrant for Bartunek's residence.[4] *See Gates*, 462 U.S. at 238.

### 2. Evidentiary Issues

The magistrate judge referred several of Bartunek's motions to suppress to this Court in whole or in part because they involved evidentiary issues Bartunek raised under Federal Rules of Evidence 403 and 404(b). The Court agrees with the magistrate judge that the issues Bartunek raises in those motions are more appropriately addressed in a motion in limine or by a timely objection at trial. The Court therefore denies Bartunek's motions involving those evidentiary issues, subject to reassertion at the appropriate time.

---

[4]Even if the affidavit was insufficient and the search was not supported by probable cause, the search in this case would fall within the good-faith exception announced in *United States v. Leon*, 468 U.S. 897 (1984).

Under the progression order entered February 17, 2017 (Filing No. 14), "[m]otions in limine addressed to matters at trial shall be filed no earlier than fourteen (14) days before a scheduled trial date, and no later than two (2) business days before trial."

To be clear, Bartunek must reassert any evidentiary objections at the appropriate time to preserve them. Moreover, a motion in limine serves a very limited purpose with respect to streamlining the evidence and issues to be presented at trial. *See*, *e.g.*, *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002) ("Motions in limine are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues."). A motion in limine is not a means to revisit suppression or detention issues definitively addressed by this Court or by the magistrate judge in her Findings and Recommendation.

### 3. The Right to Self-Representation

Finally, the Court recognizes Bartunek's constitutional right to "knowingly, intelligently, voluntarily, and unequivocally waive his right to counsel and . . . represent himself." *Hamilton v. Groose*, 28 F.3d 859, 861 (8th Cir. 1994); *accord Faretta v. California*, 422 U.S. 806, 832 (1975). But the Court remains concerned about the risks he faces by representing himself. *See*, *e.g.*, *United States v. Davis*, No. 16-3017, 2017 WL 3498628, at *4 (8th Cir. Aug. 16, 2017) ("[T]he competence that is required of a defendant seeking to waive his right to counsel is the competence to *waive the right*, not the competence to represent himself." (quoting *United States v. Miller*, 728 F.3d 768, 773 (8th Cir. 2013))).

In his Objections, Bartunek asserts the magistrate judge and the government have violated his right to counsel. Bartunek also complains that his standby counsel failed to give Bartunek "a procedure to stop the badgering" of Bartunek's witness. According to Bartunek, "[t]hese are courtroom procedures that the stand-by counsel should have helped the Pro Se defendant with, but failed to do so." Bartunek further states his witness

7

"was not prepared by the counsel of the defense, as most witnesses are." Bartunek asks the Court not to "blame the defendant for his lack of experience in the courtroom and not preparing [his witness] to testify."

The Court does not "blame" Bartunek in any way for his lack of experience or any failure to properly prepare for the suppression hearing. But the Court does feel compelled to revisit Bartunek's decision to waive his right to counsel and represent himself. As he has throughout this case, Bartunek continues to confront the "the dangers and disadvantages" inherent in foregoing the assistance of experienced counsel. *Faretta*, 422 U.S. at 835. Those dangers and disadvantages will be magnified by the stress and strain of trial and compounded by the presence of the jury. *See*, *e.g.*, *United States v. Smith*, 830 F.3d 803, 810 (8th Cir. 2016) ("[F]rivolous behavior at trial is likely to result in an adverse jury reaction.").

Bartunek has a right to represent himself but must be aware that he will live with the consequences of that decision. *United States v. Smith*, 830 F.3d 803, 810 (8th Cir. 2016) (quoting *United States v. Reed*, 668 F.3d 978, 986 (8th Cir. 2012)).[5] The Court respects that right. *Id.* But the Court finds the interests of justice warrant scheduling a hearing to reevaluate Bartunek's decision to represent himself and to give him an opportunity to reassert his right to counsel.

## II. CONCLUSION

Based on the foregoing, Bartunek's Objections (Filing Nos. 202, 203) are sustained in part and overruled in part. The magistrate judge's Findings and Recommendation are accepted and affirmed in part and rejected in part as follows.

---

[5] "[D]efendants have 'the right to represent themselves and go down in flames if they wish[], a right the district court [is] required to respect." *Id.*

IT IS ORDERED:

1. Bartunek's objection to the recommended denial of his Motion to Amend is sustained, and his Motion to Amend (Filing No. 48) is granted. All other objections (Filing Nos. 202, 203) are overruled.

2. The magistrate judge's Findings and Recommendation (Filing No. 184) are accepted and affirmed in all other respects.

3. Bartunek's eight Motions to Suppress (Filing Nos. 47, 69, 70, 71, 72, 80, 82, and 85) are denied in their entirety. Bartunek may reassert his evidentiary issues by a motion in limine at the appropriate time or by timely objection at trial.

4. Bartunek's Motion to Dismiss (Filing No. 74); Motion to Compel (Filing No. 100); Motion for Reconsideration and Motion to Compel (Filing No. 158); Motion for a *Franks* Hearing (Filing No. 178); and Motion to Schedule (Filing No. 181) are denied.

5. A hearing to further discuss with Bartunek his decision to represent himself is scheduled for Monday, October 16, 2017, at 2:00 p.m. in Courtroom No. 4, or as soon thereafter as it can be heard.

Dated this 11th day of October, 2017.

BY THE COURT:

s/ *Robert F. Rossiter, Jr.*
United States District Judge