IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:17CR28 |
| vs. | |
| GREGORY BARTUNEK, | ORDER |
| Defendant. | |

This matter is before the Court on pro se defendant Gregory Bartunek's ("Bartunek") motion to dismiss his criminal case and return property seized from him pursuant to a search warrant (Filing No. 284). This is Bartunek's third motion to dismiss and just one of more than two dozen pretrial motions Bartunek has filed raising and in many cases re-raising myriad issues related to due process, preindictment delay, discovery, suppression, speedy trial, the seizure of his property, equal protection, "outrageous government conduct," ineffective assistance of counsel, and other alleged constitutional violations.[1] The government asks the Court to deny Bartunek's motion on the merits (Filing No. 289).

After careful review, the Court concludes Bartunek's motion comes too late and asks too much. Under Federal Rule of Criminal Procedure 12(b)(3) and (c), Bartunek must raise pretrial issues like those raised in his motion before the pretrial-motion deadline set by the Court "if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." "If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely." Fed. R. Crim. P. 12(c)(3). The rule "applies not only to the failure to make a pretrial motion, but also to the failure to include a particular argument in the motion." *United States v. Green*, 691

---

[1]This discussion does not include Bartunek's repeated challenges to his detention pending trial, which was upheld on interlocutory appeal on May 24, 2017. To the extent Bartunek again directly challenges his detention, his motion is denied.

F.3d 960, 965 (8th Cir. 2012) (quoting *United States v. Spotted Elk*, 548 F.3d 641, 656 (8th Cir. 2008)). The Court may, however, consider an untimely issue "if the party shows good cause." Fed. R. Crim. P. 12(c)(3).

Here, the original deadline to file pretrial motions was March 9, 2017. At Bartunek's request, the Court extended the deadline three times, ultimately to April 28, 2017. To further accommodate Bartunek's pro se status and the circumstances of his detention, the Court considered several issues raised in motions filed after the April 28 deadline had passed. The magistrate judge in particular has worked diligently throughout this case to ensure that Bartunek received unprecedented access to discovery materials, the law library, and other legal resources. The Court has also thoroughly considered Bartunek's speedy-trial claims in conjunction with his requests to extend time and continue trial without excluding the time for the purposes of speedy trial. *See* 18 U.S.C. § 3161(h).

In his latest motion, Bartunek contends "outrageous" misconduct and egregious errors by the police, the city, the state, the prosecutor, the public defender, his pretrial custodians, the Court, and others have violated his statutory and constitutional rights at every step of this case. Asking "the Court to take Judicial Notice of the entire case," Bartunek effectively asks the Court to reconsider every pretrial decision the Court has made that has not gone Bartunek's way. That grand request—filed without permission almost ten months after the final pretrial-motion deadline expired and just two weeks before trial—is denied. Not only does Bartunek raise issues that were "reasonably available" to him long before the pretrial-motion deadline, *see*, *e.g.*, *United States v. Fry*, 792 F.3d 884, 888-89 (8th Cir. 2015), he also admits the Court has already considered and rejected most of the arguments he now seeks to reassert on the brink of trial.

Although the timing of an alleged speedy-trial violation can, in appropriate circumstances, provide good cause, Bartunek has not shown good cause for the Court to consider (or reconsider) any of the issues he raises here. Bartunek's speedy-trial claims

2

are grounded in his longstanding allegations of "outrageous" misconduct and "illegal detention." For example, Bartunek contends that "by appealing the release order, the government caused [Bartunek] to continually ask for continuances" and caused him to represent himself with very limited access to legal resources in detention. Bartunek also repeats his claims that the government prejudicially dragged its feet on discovery. Those claims are not new and do not establish good cause for further review. *See*, *e.g.*, *United States v. Casares-Cardenas*, 14 F.3d 1283, 1286 (8th Cir. 1994) ("The district court has discretion to refuse to consider untimely pretrial motions where, as here, no good cause is offered for late submission."); NECrimR 12.3(a) ("[A]bsent good cause shown [pretrial motions] must be filed within the pretrial motion filing deadline.").

Even if some part of Bartunek's latest motion were timely or he established good cause, his motion would fail on the merits. As the government points out, Bartunek largely "raises claims that have failed in the past" and supports them with the same arguments the Court previously found unpersuasive. Bartunek has not presented any compelling reason for the Court to revisit—much less reverse—its rulings with respect to alleged misconduct, discovery, suppression, speedy trial, or any of the other issues Bartunek raises. *See*, *e.g.*, *United States v. Laws*, 819 F.3d 388, 396 (8th Cir. 2016) (explaining district courts have discretion to decide whether to reconsider prior rulings and reopen issues presented in a pretrial motion).

The Court further finds no merit to Bartunek's brief assertion that the indictment is insufficient. *See* Fed. R. Crim. P. 7(c)(1) ("The indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government."). "An indictment is sufficient if it contains the elements of the offense charged, lets the defendant know what he needs to do to defend himself, and would allow him to plead a former acquittal or conviction if he were charged with a similar offense." *United States v. Whitlow*, 815 F.3d 430, 433 (8th Cir. 2016). An indictment that tracks the language of the charging statutes is usually sufficient. *See*, *e.g.*, *United States v. Tebeau*, 713 F.3d 955, 962 (8th Cir. 2013). The

indictment in this case meets those standards, and Bartunek's assertion that he "lacked the proper definition of the crimes and the facts and circumstances to determine what to base his defense upon, or what evidence he needed to dispute the charges" is belied by the record.

Based on the foregoing, Bartunek's Motion to Dismiss With Prejudice (Filing No. 284) is denied.

IT IS SO ORDERED.

Dated this 1st day of March, 2018.

BY THE COURT:

s/ Robert F. Rossiter, Jr.
United States District Judge