IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:17CR28 |
| vs. | ORDER |
| GREGORY BARTUNEK, | |
| Defendant. | |

This matter is before the Court on Gregory Bartunek's ("Bartunek") Motion to Appoint Counsel (Filing No. 298). Bartunek, who has been proceeding pro se with the assistance of standby counsel since the magistrate judge granted his motion to terminate counsel (Filing No. 36) on April 3, 2017, states "he can not [sic] represent himself, and needs the assistance of a competent attorney who has more experience and can [sic] better equipped to deal with the illogical and unjust judicial system than the Defendant can [sic]." At oral argument, Bartunek further explained that as trial approached, he realized appointed counsel would have access to materials and other matters that Bartunek would not. Bartunek also expressed his concern, based on articles he had read, that his demeanor and actions in the courtroom at trial could be harmful to his defense if he continued to represent himself. All things considered, Bartunek now believes the assistance of counsel would be in his best interests.

The Court finds no fault with that conclusion. *See*, *e.g.*, *Faretta v. California*, 422 U.S. 806, 834-35 (1975) ("It is undeniable that in most criminal prosecutions defendants could better defend with counsel's guidance than by their own unskilled efforts."). Although Bartunek's motion comes a little more than a week before trial, the Court is satisfied Bartunek has not asked for counsel merely to delay his trial. *Cf. United States v. Smith*, 830 F.3d 803, 809 (8th Cir. 2016) ("[A] motion to proceed pro se is timely if made before the jury is empaneled, unless it is shown to be a tactic to secure delay." (quoting

*Fritz v. Spalding*, 682 F.2d 782, 784 (9th Cir. 1982))).  Bartunek remains critical of the judicial system and "the limitations imposed by being incarcerated," but his motion and oral argument—as well as the balance of the record in this case—demonstrate that he understands "the relevant circumstances and likely consequences" of his decision to request counsel.  *Brady v. United States*, 397 U.S. 742, 748 (1970).  At this point, he is well aware of "the traditional benefits associated with the right to counsel" and "of the dangers and disadvantages of self-representation" under the circumstances of this case.  *Faretta*, 422 U.S. at 835.  Because Bartunek has "knowingly, intelligently, voluntarily, and unequivocally waive[d] his right to" represent himself and timely reasserted his Sixth Amendment right to counsel for good cause, the Court concludes Bartunek's motion should be granted.  *Hamilton v. Groose*, 28 F.3d 859, 861 (8th Cir. 1994).

Having discussed the matter with counsel, Bartunek consents to the Court appointing the Federal Public Defender's Office and his current standby counsel, Michael F. Maloney, to represent him in this matter.  Bartunek is aware that granting his motion and appointing counsel will require a continuance of his trial to at least August 2018 to enable appointed counsel to enlist the help of an expert and to adequately prepare for trial.  Indeed, Mr. Maloney stated he will file a written motion to continue trial in the next few days.  Bartunek understands that any additional time resulting from such a continuance shall be deemed excludable time in any computation of time under the requirements of the Speedy Trial Act and agrees this motion is nonetheless in his best interests.  *See* 18 U.S.C. § 3161(H)(7)(A) and (B)(iv).

At oral argument, Bartunek expressed his desire to retain his access to the law library at the Douglas County Correctional Center ("DCCC") to allow him to help with the technological aspects of his defense.  Bartunek stated he would rather continue to represent himself than lose what he sees as essential access to the law library.  Bartunek proposes he be given ten hours per week in the law library until his trial has concluded.  Based on the pivotal role technology plays in the charged offense and what he describes as Bartunek's extensive and uncommon computer expertise, Mr. Maloney proposes that

the Court give Bartunek ten hours per week in the law library for approximately six weeks, subject to further review at that time.

The Court finds Mr. Maloney's proposal to be reasonable under the unique circumstances of this case. As such, Bartunek shall receive ten hours per week in the law library until April 16, 2018, to use in preparing for his defense as he and his counsel see fit. As provided in greater detail below, DCCC shall have broad discretion in determining how and when to provide those ten hours per week. Absent another court order on this issue, on April 17, 2018, Bartunek's access to the law library will return to the standard time allotted to all inmates under DCCC rules and regulations.

This Order supersedes all prior orders in this case regarding Bartunek's access to the law library and discovery materials. Bartunek is further reminded that the appointment of counsel means "all further documents and other communications with the court must be submitted through" counsel. NEGenR 1.3(i). "Any further pro se documents or other communications submitted to the court may be (1) returned unfiled to the sending party or (2) forwarded to the sending party's attorney." *Id.*

In light of the foregoing,

IT IS ORDERED:
1. Gregory Bartunek's Motion to Appoint Counsel (Filing No. 298) is granted.
2. The Federal Public Defender for the District of Nebraska is appointed to represent Bartunek and shall file an appearance as attorney of record in this matter.
3. Bartunek's pending pro se Motion to Renew Motions in Limine (Filing No. 291), Motion in Limine to Suppress Evidence Withheld from Defendant (Filing No. 292), Motion in Limine to Suppress "Doll" Evidence from Searches (Filing No. 293), and Motion in Limine to Suppress FRE 404(b) and 414 Evidence (Filing No. 294) are denied without prejudice to reassertion by counsel at the appropriate time. The motion hearing scheduled for March 8, 2018, is cancelled.
4. Bartunek shall receive ten hours per week in the law library from the date of this Order through Monday, April 16, 2018.

5. Bartunek shall receive a bathroom and water break for any period in the law library exceeding two hours.

6. If Bartunek refuses to go to the law library when called, DCCC may deduct the time Bartunek could have been in the library from his allotted ten hours.

7. If Bartunek is placed into disciplinary lockdown due to his own misconduct, DCCC will be relieved of the ten-hours-per-week requirement during that lock down period. However, DCCC shall make every effort to give Bartunek some access to the law library. DCCC shall also notify Assistant Federal Public Defender Michael F. Maloney within 24 hours of any such lock down.

8. If DCCC gives Bartunek more than ten hours in the law library in any given week, it may count that time toward a later week.

9. The Clerk of Court is directed to mail a copy of this Order to Bartunek at his address of record and to Mike Rupiper, c/o Douglas County Department of Corrections, 1709 Jackson Street, Omaha, Nebraska, 68102.

Dated this 6th day of March, 2018.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge