IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:17CR28 |
| v. | |
| GREGORY BARTUNEK, | ORDER |
| Defendant. | |

This matter is before the Court on defendant Gregory Bartunek's ("Bartunek") pro se "Emergency Motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)" (Filing No. 424). Emphasizing his age and health problems, the length of his sentence (which he describes as unlawful and unreasonable), and what he sees as a low likelihood he will recidivate, Bartunek requests that the Court reduce his sentence to time served and order his immediate release due to the risk presented by COVID-19.

The nature and timing of Bartunek's motion raise a crucial question about the Court's authority to decide his motion at this point. On March 18, 2019, Bartunek filed a Notice of Appeal (Filing No. 385) appealing "from the judgment and [c]ommitment entered" in this case.[1] *See Berman v. United States*, 302 U.S. 211, 212 (1937) ("Final judgment in a criminal case means sentence.").

Bartunek's "filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *United States v. Ledbetter*, 882 F.2d 1345, 1347 (8th Cir. 1989) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam)); *accord State ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1106 (8th Cir. 1999) ("[W]hile an appeal is pending, the district court may not reexamine or supplement the order being appealed."). The purposes of this divestment rule are to promote judicial economy by sparing the district "court from considering and ruling on questions that

---

[1] Bartunek's appeal remains pending in the Eighth Circuit, Case No. 19-1584. A panel of that court heard argument on May 14, 2020, but has neither decided the case nor issued its mandate.

possibly will be mooted by the decision of the court of appeals" and to promote "fairness to the parties who might otherwise have to fight a confusing 'two front war' for no good reason." *Ledbetter*, 882 F.2d at 1347 (quoting *Shewchun v. United States*, 797 F.2d 941, 943 (11th Cir. 1986)).

To avoid such "wasteful and unnecessary expenditure[s] of resources" by the court and the parties, the Eighth Circuit held in *Ledbetter* "that the District Court lacked jurisdiction to consider and rule on [the defendant's motion pursuant to Federal Rule of Criminal Procedure 35] during the pendency of his appeal of his conviction." *Id.* at 1349 (explaining district and appellate courts should not try to assert jurisdiction at the same time). Other courts have reached the same conclusion with respect to sentence-modification motions under 18 U.S.C. § 3582(c). *See, e.g., United States v. Maldonado-Rios*, 790 F.3d 62, 64 (1st Cir. 2015) (per curiam) ("Because [the defendant's] appeal was pending at the time the District Court ruled on his motion to modify the sentence under § 3582(c)(2), we hold that the District Court lacked jurisdiction to enter the order reducing the sentence."); *cf. United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (compassionate release).

Applying these principles, the Court concludes it cannot decide Bartunek's request to reduce his sentence until after the Eighth Circuit resolves his appeal and issues its mandate. *See Berman*, 302 U.S. at 214 ("As the first sentence was a final judgment and appeal therefrom was properly taken, the District Court was without jurisdiction during the pendency of that appeal to modify its judgment by resentencing the prisoner."); *United States v. Distasio*, 820 F.2d 20, 23 (1st Cir. 1987) ("[A] docketed notice of appeal suspends the sentencing court's power to modify a defendant's sentence.").

Aside from that, Bartunek has not adequately shown he has met the requirements for judicial review under § 3582(c)(1)(A)(i). That provision permits a defendant to move the Court to reduce his sentence for "extraordinary and compelling reasons" but only *after* he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [his] facility, whichever is earlier." *Id.*; *see also Raia*, 954 F.3d at

595 (denying a defendant's motion under § 3582(c)(1)(A) because he did not give the BOP thirty days to respond to his request for compassionate release).

Bartunek generically reports that "[o]n April 9, 2020, FCI Seagoville determined that [he] had a minimum recidivism risk level, but was not eligible for release under the First Step Act." Bartunek concedes "[a]dditional administrative remedies are possible" but argues "exhaustion would be futile because the [BOP's] decisionmakers are biased and they have essentially determined the issue." In Bartunek's view, "[t]he administrative process would be incapable of granting adequate relief, and exhaustion would subject [him] to undue prejudice."

Although the Court understands Bartunek's COVID-19 concerns, the Court agrees with the Third Circuit that a defendant's failure to comply with the statutory prerequisites under § 3582(c)(1)(A) before asking for a reduction "presents a glaring roadblock foreclosing compassionate release." *Raia*, 954 F.3d at 597 (noting "the risks that COVID-19 poses in the federal prison system" but finding strict statutory compliance necessary, particularly given the "BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread").

Based on the foregoing, Bartunek's motion to reduce his sentence (Filing No. 424) is denied without prejudice. *See* Fed. R. Crim. P. 37(a)(2).

IT IS SO ORDERED.

Dated this 6th day of July 2020.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge