IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. GREGORY BARTUNEK, Defendant. | 8:17CR28 MEMORANDUM AND ORDER |

This matter is before the Court on defendant Gregory Bartunek's ("Bartunek") pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 446). Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires the Court to complete an initial review of Bartunek's § 2255 motion. Unless "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief," the Court must order the United States Attorney to respond to the motion or "take other action the judge may order." *Id.*

On initial review, the Court concludes Bartunek's motion is deeply flawed yet not so flawed as to require summary dismissal—at least with respect to all of his asserted grounds for relief. His submission will, however, require major revisions before the Court will order the government to respond.

First, Bartunek's motion and supporting briefs are far too long and repetitive. Bartunek's motion itself contains 28 grounds for relief and consists of more than 100 single-spaced pages. It also contains a considerable amount of argument on the merits. His memorandum of facts and law in support of his motion is comprised of at least eight[1]

---

[1] Bartunek's briefs are numbered from I to IX; the Clerk of Court never received the fifth one.

separate files spanning more than 500 pages. That total far exceeds Nebraska Civil Rule 7.1(d)(1)(A)'s 13,000-word limit for supporting briefs.[2]

The Court gives pro se litigants considerable latitude, but they still "must comply with court rules and directives." *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005). That includes reasonable word limits in a § 2255 case. *See Martinez v. United States*, 865 F.3d 842, 844 (6th Cir. 2017) (affirming the prejudicial dismissal of a § 2255 motion where the movant repeatedly failed to comply with local word limits).

Given Bartunek's noncompliance with Local Rule 7.1, the Court will not fully consider his first motion and supporting briefs in their present form. In fairness to Bartunek, the Court will give him an opportunity to amend his submission.[3] For good measure, the Court will give him an additional 3,250 words (16,250 total) for his opening brief to allow him ample opportunity to fully present his strongest arguments. He should use it wisely, avoiding the prolixity and repetition that mar his first effort. In other words, Bartunek should lay off the dead horse and leave out the kitchen sink; they do not serve him well.

Second, Bartunek's motion raises numerous issues that he raised—or should have raised—in the trial court or on appeal, or that are otherwise not cognizable under § 2255. Section 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Walking Eagle v. United States*, 742 F.3d 1079, 1081-82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)); *accord Sun*

---

[2]The rule also requires a certificate of compliance and limits any reply brief to 6,500 words. *See* NECivR 7.1(d)(1)(B), (3). Failing to comply with the word limit can result in the brief being stricken or other sanctions being imposed. *See* NECivR 7.1(d)(4).

[3]Absent an unreasonable delay or some other failure to prosecute, the Court will consider Bartunek's amended motion filed as of the date of his original filing.

*Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (concluding that beyond jurisdictional and constitutional errors, "the permissible scope of a § 2255 collateral attack on a final conviction and sentence is severely limited").

"Section 2255 does not exist to correct erroneous factual determinations or to challenge the sufficiency of the evidence, or to correct errors which should have been brought to the attention of the trial court or the appellate court on direct appeal." *Cassidy v. United States*, 428 F.2d 585, 587 (8th Cir. 1970) (internal citation omitted); *see also Sun Bear*, 644 F.3d at 702 ("With rare exceptions, § 2255 may not be used to relitigate matters decided on direct appeal."). Many other claims—whether based on events occurring before, during, or after trial—are simply not cognizable under § 2255 absent truly exceptional circumstances. *See Houser v. United States*, 508 F.2d 509, 514 (8th Cir. 1974) (explaining that most claims based on illegal arrest, certain grand-jury challenges, preindictment delay, defects in the indictment, insufficiency of the indictment, double jeopardy, the refusal to subpoena witnesses, evidentiary rulings, instructions to the jury, statements by the judge or prosecutor, the receipt of a greater sentence than expected, and allegations of an excessive sentence are not cognizable under § 2255). At first blush, the thrust of *Houser* and other well-settled Eighth Circuit precedent seems to lay waste to many of Bartunek's stated grounds for relief.

What's more, Bartunek essentially admits that many of his alleged errors are procedurally defaulted because he did not properly preserve them. *See*, *e.g.*, *United States v. Hamilton*, 604 F.3d 572, 574 (8th Cir. 2010) ("Claims not made during district court proceedings or on direct appeal are procedurally defaulted and may not be raised for the first time in a § 2255 motion."); *Sun Bear*, 644 F.3d at 702 n.3 (discussing procedural default and the cause-and-prejudice analysis). Bartunek repeatedly blames his counsel for any failure to properly raise his claims at trial and on appeal.

To be sure, a sufficient "showing of ineffective assistance of counsel" generally does establish cause and prejudice for a procedural default. *Apfel*, 97 F.3d at 1076. But

3

Bartunek faces two main obstacles to successfully raising such a claim. To begin, Bartunek represented himself from April 3, 2017, to March 3, 2018. Throughout that time, he filed numerous motions and other documents that are relevant to his § 2255 motion. "[A] defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'" *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975).

As for any claims fairly directed at his appointed counsel, Bartunek bears the "heavy burden" of showing both deficiency and prejudice. *Apfel*, 97 F.3d at 1074 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). The Court's initial review of Bartunek's claims—many of which involve cursory claims of ineffective assistance without any actual analysis—indicates that he has struggled to carry his burden under the facts and circumstances of this case. At any rate, Bartunek has some work to do.

In light of the foregoing,

IT IS ORDERED:

1. Bartunek shall file an amended motion to vacate and supporting brief consistent with this Memorandum and Order on or before April 1, 2022.
2. His brief shall not exceed 16,250 words and must contain a certificate of compliance as required by Local Rule 7.1(d)(3).
3. Failure to comply with this Memorandum and Order and all applicable procedural rules may result in the denial of Bartunek's motion without further notice.
4. The Clerk of Court is directed to mail a copy of the Memorandum and Order to Bartunek at his address of record.

Dated this 14th day of January 2022.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge