IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY BARTUNEK,<br><br>Defendant. | 8:17CR28<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on pro se defendant Gregory Bartunek's ("Bartunek") Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 468). Bartunek amended his motion in response to the Court's January 14, 2022, Memorandum and Order (Filing No. 457) on initial review under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. *See United States v. Bartunek*, No. 8:17CR28, 2022 WL 137869, at *1 (D. Neb. Jan. 14, 2022). Concluding Bartunek's motion and supporting briefs were "deeply flawed" and "far too long and repetitive," the Court cautioned him about the limited scope of a collateral attack under § 2255 and described the considerable barriers he faced in pursuing all 28 of his asserted grounds for relief given the extensive record in this case. *Id.* at *1-2. The Court nonetheless granted him leave to amend his motion to comply with the Court's order and the applicable procedural rules. *Id.* at *3.

Bartunek responded by shortening his submission but expanded his asserted grounds for relief from 28 to 44. The slew of issues he raises span from the time before his indictment to the denial of his direct appeal and cover all points in between.

Rule 4(b) requires the Court to summarily dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that

the moving party is not entitled to relief." Otherwise, the Court must order the government to respond to the motion or "take other action the judge may order." *Id.*

Having carefully reviewed Bartunek's amended motion and brief, the Court again finds his submission "deeply flawed yet not so flawed as to require summary dismissal" of his motion as a whole. *Bartunek*, 2022 WL 137869, at *1. That said, many of Bartunek's asserted grounds do not survive initial review.

To start, Bartunek's first ground for relief asserts "Ineffective Assistance of Counsel During All Phases of the Case Because His Representation Fell Below an Objective Standard of Reasonableness and Bartunek Suffered Prejudice." He asserts the claim is factually supported by all of the "Grounds Below." The claim is far too broad and simply restates—in a very general way—the basic standard for ineffective assistance. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). It also expressly encompasses several more-specific claims that are better evaluated individually.

Next, the Court will not further consider any claim for relief based on Bartunek's pre-trial detention, including any claim of prosecutorial or judicial misconduct based on the release order. Bartunek repeatedly and unsuccessfully challenged his pre-trial detention in this Court and on appeal. He cannot use § 2255 to relitigate that issue again. *See Walking Eagle v. United States*, 742 F.3d 1079, 1081-82 (8th Cir. 2014) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996))).

The result is the same for the issues Bartunek raised on direct appeal following his conviction and sentence. *See United States v. Bartunek*, 969 F.3d 860, 863 (8th Cir. 2020), *cert. denied*, 141 S. Ct. 1439, 209 L. Ed. 2d 158 (2021). The Eighth Circuit upheld the Court's decisions to admit evidence of the dolls found in Bartunek's bedroom and

testimony from S.P. *Id.* at 863-64. Those evidentiary rulings may still stick in Bartunek's craw, but those issues are not fertile ground for collateral review. *See, e.g., Sun Bear v. United States*, 644 F.3d 700, 702 (8th Cir. 2011) (en banc) ("With rare exceptions, § 2255 may not be used to relitigate matters decided on direct appeal.").

The Court also finds—in light of the extensive record in this case—no colorable basis for Bartunek's claims based on pre-indictment delay, insufficiency of the indictment, unfair balance of resources, denial of access to the courts, speedy trial violations, judicial misconduct, suppression of evidence, double jeopardy, the jury instructions, failure to appoint alternate counsel, his sentence, and fundamental miscarriage of justice/actual innocence.[1] Bartunek passionately maintains his innocence, but his proposed "new" evidence is far from overwhelming, and the evidence against him was strong. *See Wadlington*, 428 F.3d at 783 (explaining a valid actual-innocence claim requires "new reliable evidence" and proof that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence" (quoting *Schlup*, 513 U.S. at 324, 327)). Where, as here, the government has adduced more than enough evidence to support the jury's guilty verdict, "a party generally cannot demonstrate actual innocence." *Id.*; *McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001) (requiring the defendant to "show factual innocence, not simply legal insufficiency of evidence to support a conviction"). Bartunek falls far short of showing he is factually innocent.

Despite the Court's detailed warning about the need for Bartunek to focus on his strongest arguments given the limited scope of review under § 2255 and to avoid rehashing failed issues, *see Bartunek*, 2022 WL 137869, at *1-2, Bartunek did not take heed. Rather

---

[1] "An actual innocence claim is 'not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Wadlington v. United States*, 428 F.3d 779, 783 (8th Cir. 2005) (quoting *Schlup v. Delo*, 513 U.S. 298, 315 (1995)).

3

than sharpen his collateral attack, Bartunek expanded it to 44 asserted grounds, challenging nearly every decision he thinks went against him.

Bartunek repeats the refrain that "the trial court erred" in admitting certain evidence, in failing to take some action like excluding time, and in imposing his sentence. But "[a] motion under § 2255 is not a substitute for a direct appeal and is not the proper way to complain about simple trial errors." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (internal citations omitted). Most of the issues Bartunek raises were thoroughly addressed in the district court during an extensive motion practice.

Bartunek blames the Court and his counsel for the errors he sees, completely ignoring the eleven months he spent representing himself and the integral part he played in causing delays and requesting continuances. During the time he represented himself, Bartunek filed more than forty-eight motions regarding detention, discovery, dismissal, speedy trial, suppression, and other matters. He won some and lost some, but they were all thoroughly considered. His counsel is not deficient for failing to try to replow all of that same arid ground. *See Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) ("[A] defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'"). And Bartunek has not shown the requisite prejudice. *See Strickland*, 466 U.S. at 691 ("An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."); *Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005).

Many of Bartunek's claims are repetitive, redundant, and lack a sufficient legal or factual basis. For instance, his claim that his counsel refused to call him to testify in violation of his constitutional rights is flatly belied by Bartunek's testimony at trial that he knowingly and voluntarily chose not to testify. His broad allegations are often unfounded, conclusory, and exceed the proper scope of § 2255 relief. *See, e.g., Houser v. United*

4

*States*, 508 F.2d 509, 514 (8th Cir. 1974); *Cassidy v. United States*, 428 F.2d 585, 587 (8th Cir. 1970).

In short, Bartunek's "motion and the files and records of [his] case conclusively show that" he is not entitled to relief on the above-listed claims. 28 U.S.C. § 2255(b). The Court still has similar concerns about several of Bartunek's other asserted grounds for relief but will allow those claims to go forward at this point and order the government to respond. Accordingly,

IT IS ORDERED:

1. Bartunek's claims in Grounds 1, 2, 3, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14, 15, 16, 19, 20, 21, 22, 23, 24, 25, 26, 27, 29, 30, 31, 32, 38, 41, and 42 are dismissed with prejudice.
2. Bartunek's remaining claims—Grounds 8, 17, 18, 28, 33, 34, 35, 36, 37, 39, 40, 43, and 44—survive initial review.
3. The government must file an answer or other response to Bartunek's motion on or before June 3, 2022.
4. The Clerk of Court is directed to mail a copy of this Memorandum and Order to Bartunek at his address of record.

Dated this 6th day of May 2022.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge