IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:17CR28 |
| v. | |
| GREGORY BARTUNEK, | MEMORANDUM AND ORDER |
| Defendant. | |

On October 31, 2018, after a three-day trial, a jury found defendant Gregory Bartunek ("Bartunek") guilty of one count of knowingly distributing child pornography, in violation of 18 U.S.C. § 2252A(a)(2), and one count of knowingly possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). Bartunek faced a statutory sentencing range of 5 to 20 years on the first count and up to 10 years on the second count. As a result of those statutory maximums and the characteristics of Bartunek's offenses, his advisory sentence under the United States Sentencing Guidelines ("U.S.S.G." or "guidelines") was 240 months for the first count and 120 months for the second. *See* U.S.S.G. § 5G1.1(a).

At sentencing, the Court varied down based on its careful evaluation of the 18 U.S.C. § 3553(a) sentencing factors and sentenced Bartunek to 204 months for distribution and 120 months for possession. Those sentences run concurrently and will be followed by concurrent terms of 15 years of supervised release on each count. Bartunek timely filed an appeal (Filing No. 385), which was denied. *See United States v. Bartunek*, 969 F.3d 860, 861 (8th Cir. 2020).

In line with Bartunek's request and the Court's recommendation at sentencing, the Bureau of Prisons ("BOP") assigned Bartunek to the Federal Correctional Institution at Seagoville, Texas. Now 69 years old, Bartunek's projected release date is August 13, 2031.

On December 14, 2021, Bartunek filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 446). The motion raised 28 grounds for relief and spanned more than 100 single-spaced pages. His brief covered more than 500 pages. Finding Bartunek's motion "deeply flawed yet not so flawed as to require summary dismissal," the Court ordered (Filing No. 457) him to file an amended motion and brief, which he did (Filing No. 468). On initial review of the amended motion, the Court dismissed 32 of Bartunek's 44 specific grounds for relief and ordered the government to respond to the rest (Filing No. 470). After the matter was fully briefed (Filing No. 482), the Court denied Bartunek's amended motion. The Court did not issue a certificate of appealability.

Bartunek again appealed (Filing No. 484). The United States Court of Appeals for the Eighth Circuit likewise denied a certificate of appealability and dismissed Bartunek's appeal (Filing No. 493). It issued the formal mandate on April 26, 2023 (Filing No. 495). *See* Fed. R. App. P. 41(a).

Now before the Court is Bartunek's Motion for Compassionate Release/Reduction in Sentence (Filing No. 508) filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (2018).[1] Bartunek's motion contains forty-three pages of exhibits (Filing No. 508-1), including (1) written correspondence with his warden, (2) United States Sentencing Commission ("Sentencing Commission") materials, (3) medical records, (4) a synopsis of Bartunek's health issues, (5) a proposed release plan, and (6) information about COVID-19 variants, flaws in the child-pornography guidelines, and aging and recidivism. The Court has also reviewed Bartunek's Supplemental Exhibits (Filing No. 511), which span almost seventy pages and include (1) dozens of case summaries, (2) additional argument based on

---

[1]Sentence reductions under § 3582(c)(1)(A)(i) are "sometimes described informally as 'compassionate release.'" *United States v. Crandall*, 25 F.4th 582, 583 (8th Cir. 2022).

those cases, (3) key quotations, (4) BOP bulletins, and (5) newspaper articles about COVID-19, the First Step Act, and negotiated pleas and mass incarceration.

District courts generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Section 3582(c)(1)(A)(i) is an exception to that rule. It authorizes the Court to reduce Bartunek's sentence if he establishes "extraordinary and compelling reasons warrant such a reduction."[2] *Id.*; *see also United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022) ("[T]he inmate bears the burden to establish that compassionate release is warranted.").

The Court can reduce a sentence under § 3582(c)(1)(A)(i) only after considering the applicable § 3553(a) sentencing factors. 18 U.S.C. § 3582(c)(1)(A). The relevant § 3553(a) factors for Bartunek's request to reduce are largely the same factors the Court considered in granting a downward variance and imposing Bartunek's sentence in March 2019. Such factors include the serious nature and circumstances of Bartunek's child-pornography offenses; his history and characteristics, including his advanced age and prior military service; and the need for his sentence to reflect the seriousness of his crime, to promote respect for the law, and to provide just punishment for his offense. *See id.* An appropriate sentence should also deter criminal conduct, protect the public, and promote rehabilitation. *See id.*

The Court must also ensure that any "reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A). The most pertinent policy statement is U.S.S.G. § 1B1.13, which the Sentencing Commission amended effective November 1, 2023. As amended, § 1B1.13(b) states that "extraordinary and compelling reasons" may result from one or more of the following: (1) the defendant's

---

[2]Before Bartunek can directly ask the Court for a sentence reduction, he must either fully exhaust his administrative remedies with the BOP or wait thirty days after asking his warden to file a motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). In support of his motion, Bartunek provided evidence that his warden denied his request for relief on June 8, 2023. Bartunek therefore qualifies for judicial review. *Id.*

medical circumstances, (2) the defendant's age, (3) the defendant's family circumstances, (4) whether the defendant was a victim of abuse while in custody, (5) other circumstances similar in gravity to those listed, and (6) some changes in the law if the defendant "has served at least ten years" of "an unusually long sentence" and the "change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed."

Section § 1B1.13(c) clarifies that beyond those limited circumstances, most changes in the law "shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement." Relying on 28 U.S.C. § 994(t), the Sentencing Commission also reiterated that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of" § 1B1.13 but can "be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." *See* U.S.S.G. § 1B1.13(d).

In this case, Bartunek requests a reduction to time served. As grounds, he asserts "his age and personal health risk factors, increased risk of suffering severe medical complications or death from infectious diseases, an unduely [sic] long sentence based on outdated sentencing guidelines and judge-found facts," "his extremely low chance of recidivism and his Supervised Release Conditions, which will minimize any risks to his community." Bartunek also reports he has been an exemplary inmate in prison and, if released, would be able to "obtain mental health and sex offender treatment" that he can't get in prison until he is about to be released. Another recurrent theme of Bartunek's request is that his sentence is an unfair punishment for taking his case to trial rather than accepting a plea deal.

Having carefully reviewed Bartunek's request with the pertinent standards in mind, the Court finds he has not shown "extraordinary and compelling reasons" to reduce his sentence at this time. 18 U.S.C. § 3582(c)(1)(A)(i). To begin, Bartunek rehashes some

4

sentencing issues that were better suited to his direct appeal or his § 2255 motion.[3] Indeed, the Court has already considered and rejected many of the points Bartunek raises, either at sentencing or in denying his comprehensive § 2255 motion. Bartunek "cannot avoid the restrictions of [§ 2255] by resorting to a request for compassionate release instead." *Crandall*, 25 F.4th at 586.

As to the factors more relevant to compassionate release, Bartunek's age and documented medical issues weigh in his favor to some degree, particularly in light of the ongoing effects of COVID-19 in the BOP. While both can be "extraordinary and compelling" in certain circumstances, they are not here. Bartunek is 69 years old but has not shown a sufficiently serious deterioration in his mental or physical health and has served less than 10 years or 75% of his 17-year sentence. *See* U.S.S.G. § 1B1.13(b)(2). Bartunek was also in his 60s when he committed the child-pornography offenses in this case and was 64 years old at sentencing. Those facts therefore shed a different light on Bartunek's age-based recidivism arguments and other issues related to deterrence and public safety in the particular context of this case.

The Court's view of Bartunek's "serious offenses, involving horrible images of innocent young children" also has not changed much since sentencing. The evidence at trial showed Bartunek to be a significant risk to the community. Some of that evidence was not available when Bartunek rejected the government's plea offer.

Bartunek states that—since then—he "has had time to think about the reason he was arrested, the reason he was sent to prison." His stated acknowledgement that he has a problem and willingness to seek treatment is a start, but it is not enough at this point to convince the Court he is no longer a danger to the public. *See Avalos Banderas*, 39 F.4th

---

[3]For example, Bartunek asserts his sentence was substantively unreasonable. *See, e.g.*, *United States v. Ellison*, 71 F.4th 1111, 1115 (8th Cir. 2023) (reviewing substantive reasonableness on direct appeal for abuse of discretion).

at 1061 ("That the inmate presented a potential danger to the public if released is also a permissible consideration.") (citing 18 U.S.C. § 3553(a)(2)(C)).

Finally, the Court is still not persuaded by Bartunek's sentencing-disparity arguments. The Court fully understands that Bartunek believes his sentence is too harsh and that he paid an unfair price for rejecting a favorable plea offer. The Court simply does not agree. The Court accounted for many of the issues Bartunek raises in varying down based on the § 3353(a) factors in imposing his sentence and does not see a compelling reason to further reduce Bartunek's sentence at this time.

For the foregoing reasons, defendant Gregory Bartunek's Motion for Compassionate Release/Reduction in Sentence (Filing No. 508) is denied.

IT IS SO ORDERED.

Dated this 6th day of February 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge