IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>GREGORY BARTUNEK,<br><br>            Defendant. | 8:17CR28<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on defendant Gregory Bartunek's ("Bartunek") *pro se* Motion to Compel (Filing No. 506) his "Defense Counsel of record, Mr. Andrew Wilson [("Wilson")] to surrender the Case/Work File he created in representing [Bartunek]" in the above-captioned criminal case. The Court has also considered Bartunek's supplemental materials in support of his motion (Filing No. 510).

Bartunek states he needs the information in his file to pursue post-conviction relief. His request is fairly comprehensive, seeking (1) transcripts Wilson or any of his associates reviewed for Bartunek's appeal; (2) all available discovery; (3) "[a]ll Court filings, motions, responses, and orders"; and (4) "[a]ll other notes, letters, correspondence, plea agreements offered, emails, and/or any other tangible thing associated with this case."

On December 6, 2023, the Court ordered Wilson to respond to Bartunek's motion. Wilson asserts—without legal support or citation—that requiring him to provide Bartunek "with all the documents requested is not supported by law in this case." He furthers argues "fulfilling such a request would require a significant amount of time and expense."

Taking each category separately, Wilson states he has not provided copies of transcripts "obtained due to [the] voluminous nature of such documents and that relevant portions of the transcripts were contained in the brief filed." With respect to discovery, Wilson reports that the government provided discovery "with the agreement that counsel

[would] not provide such discovery to his client" and that Wilson "has always followed that agreement." Wilson purportedly advised Bartunek of that agreement during his representation and by letter dated November 2, 2023.

Noting the docket sheet in this case exceeds five-hundred entries, Wilson states he did provide Bartunek key court filings throughout the case but finds it impractical and unnecessary to provide all of the "pleadings" in a case. Wilson states Bartunek "has access to the court file, including all of the pleadings and any transcripts obtained pursuant to his appeal, if he wishes to have such documents."

As for Bartunek's request for all notes, letters, emails, and other information, Wilson states he does not, as a matter of practice, provide his clients with his "notes and other documents that [he] created" without a court order because he considers such documents to be his work product. Wilson asserts, "If anything of substance was contained in any correspondence, such as a plea agreement, that was provided to [Bartunek]."

Wilson further states that while he contacted a computer expert regarding Bartunek's defense, the expert did not produce a written report, instead giving his input by phone. Finally, Wilson states that he primarily communicated with Bartunek in person, presumably leaving little written correspondence to produce.

After careful review, the Court finds Bartunek is entitled some—but not all—of the documents and other materials he requests from Wilson's existing client file.[1] Section 46(2) of the *Restatement (Third) of the Law Governing Lawyers* (2000) ("Restatement") provides that "unless substantial grounds exist to refuse," a lawyer must, upon request, "allow a client or former client to inspect and copy any document possessed by the lawyer

---

[1]The Court notes Bartunek already filed an unsuccessful motion under 28 U.S.C. § 2255 and has a pending motion under Federal Rule of Civil Procedure 60(b). The Court's ruling on Bartunek's motion to compel says nothing about the viability of any motion Bartunek might bring based on the materials in his client file. The Court expresses no opinion on any of those underlying issues.

2

relating to the representation." Subsection (3) requires the lawyer to "deliver to [his] client or former client, at an appropriate time and in any event promptly after the representation ends, such originals and copies of other documents possessed by the lawyer relating to the representation as the client or former client reasonably needs." Again, the lawyer can refuse only if the client consents to nondelivery or if the lawyer has "substantial grounds" to refuse. *Id.*; *see also Maxwell v. Florida*, 479 U.S. 972, 976 (1986) (Marshall, J., dissenting) (declaring "[t]he right to effective assistance fully encompasses the client's right to obtain from trial counsel the work files generated during and pertinent to that client's defense" and to use them to challenge his counsel's representation); *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Gottschalk*, 729 N.W.2d 812, 819 (Iowa 2007) ("The majority of jurisdictions that have addressed this issue conclude that a client owns his or her entire file, including attorney work product, subject to narrow exceptions.").

The Restatement aligns with Nebraska Rule of Professional Conduct § 3-501.16(d), which requires a lawyer terminating his representation of a client to "take steps to the extent reasonably practicable to protect a client's interests, such as . . . surrendering papers and property to which the client is entitled" while permitting the lawyer to "retain papers relating to the client to the extent permitted by other law." *See also United States v. Jenkins*, 816 F. App'x 852, 853 (4th Cir. 2020) (unpublished per curiam) (reviewing a similar rule and concluding the defendant's "former counsel should return the case file to him") (citing *United States v. Basham*, 789 F.3d 358, 388 (4th Cir. 2015)).

In that vein, Nebraska Ethics Advisory Opinion for Lawyers No. 01-3 describes a lawyer's "ethical obligation, upon demand to promptly provide a client with the contents of the file belonging to the client." Although what the client is entitled to receive depends on "the nature of the work," any agreement between the lawyer and client, "and the particular circumstances of the case," a client is generally entitled to the following:

1. All documents provided to the attorney;

  2. All documents or responses acquired by counsel through the discovery process;

  3. All correspondence in pursuit of the client's interest;

  4. All notes, memoranda, briefs, memos and other matters generated by counsel bearing on the client's business and resulting from the employment of counsel.

*Id.*

With these legal principles in mind, the Court finds only one substantial ground for Wilson to refuse to produce the materials from Bartunek's client file related to Bartunek's criminal defense and appeal—Wilson's discovery agreement with the government. Under the Restatement, "[a] lawyer may deny a client's request to retrieve, inspect, or copy documents when compliance would violate the lawyer's duty to another." *Restatement (Third) of the Law Governing Lawyers* § 46 cmt. c (2000). In the Court's view, Wilson's strategic decision to obtain discovery under those conditions provides substantial grounds for refusing to provide such discovery materials to Bartunek under the facts and circumstances of this case.

The Court reaches a different conclusion as to Wilson's refusal to provide what he sees as his "work product." In general, "the work product doctrine does not apply to the situation in which a client seeks access to documents or other tangible things created or amassed by his attorney during the course of the representation." *Spivey v. Zant*, 683 F.2d 881, 885 (5th Cir. 1982) (citing Fed. R. Civ. P. 26(b)(3)); *see also Hiatt v. Clark*, 194 S.W.3d 324, 330 (Ky. 2006) (concluding a former criminal client can obtain work product where he "seeks post-conviction relief alleging ineffective assistance of counsel"). Absent something more-specific from Wilson, Bartunek is entitled to such materials from his file.

To be clear, this Memorandum and Order relates only to documents and materials that are in what can reasonably be described as Wilson's existing client file—whether in written or electronic form. Wilson need not create or obtain additional documents or materials, such as transcripts, court filings, motions, orders, or the like, to respond to

Bartunek's request. If he chooses to do so, Wilson can make and keep a copy of any of the materials in Bartunek's client file at his own expense.

Based on the foregoing,

IT IS ORDERED:

1. Defendant Gregory Bartunek's *pro se* motion to compel (Filing No. 506) is granted in part and denied part as described in this Memorandum and Order.
2. Wilson shall send the requisite information from Bartunek's client file to him at his address of record on or before March 4, 2024.
3. The Clerk of Court is directed to send a copy of this Memorandum and Order to Bartunek at his address of record.

Dated this 6th day of February 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge