IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:17CR28 |
| v. | |
| GREGORY BARTUNEK, | ORDER |
| Defendant. | |

This matter is before the Court on defendant Gregory Bartunek's ("Bartunek") *pro se* Motion to Compel (Filing No. 524) the government to provide him "with the discovery material in its possession regarding" Bartunek's criminal convictions for distributing child pornography, in violation of 18 U.S.C. § 2252A(a)(2), and possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). Discovery has been an issue for Bartunek throughout this case, both before and after his conviction (Filing Nos. 51, 100, 127, 133, 158, 184, 186, 208, 232, 506, 515, 522, 523).

During the time that Bartunek represented himself before trial, the Court ordered (Filing No. 67) the government to provide Bartunek "a full set of discovery documents in paper form" under Federal Rule of Criminal Procedure 16(a). The government complied (Filing No. 144, 149). In time, the Court also granted Bartunek's request for additional discovery from the government (Filing No. 194) and oversaw the implementation of some unconventional procedures to make that discovery available to him while he was in pretrial detention (Filing No. 240). Bartunek's complaints about the discovery process also permeated his Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 468).

In his current motion, Bartunek again seeks a broad range of materials from the government. He avers he needs them because "he is currently defending his 28 U.S.C. § 2255 Motion and his [Federal Rule of Civil Procedure] 60(b) Motion" and will use

them for future requests for post-conviction relief. He does not say what happened to all the discovery materials previously provided to him over the course of this case.

On May 6, 2022, the Court denied part of Bartunek's first § 2255 motion on initial review. *See United States v. Bartunek*, No. 8:17CR28, 2022 WL 1443658, at *1 (D. Neb. May 6, 2022). It denied the rest on October 4, 2022, after full briefing and a thorough review. *See United States v. Bartunek*, No. 8:17CR28, 2022 WL 20727795, at *3, *5-*6, *12-13 (D. Neb. Oct. 4, 2022), *certificate of appealability denied*, No. 22-3523, 2023 WL 6475447 (8th Cir. Feb. 14, 2023), *cert. denied*, 144 S. Ct. 155, 217 L. Ed. 2d 56 (2023). Given the nature of Bartunek's claims, the Court also declined to issue a certificate of appealability. *See id.* at *12.

On March 26, 2024, the Court likewise rejected (Filing No. 533) Bartunek's Rule 60(b) motion (Filing No. 497), concluding that most of his motion was an unauthorized second or successive § 2255 motion and that the rest did not warrant relief under Rule 60(b). *See Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005) (drawing a distinction between Rule 60(b) motions that attack "the substance of the federal court's resolution of a claim on the merits" and those that assert "some defect in the integrity of the federal habeas proceedings"); *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (per curiam). The Court again denied Bartunek a certificate of appealability. On April 8, 2024, Bartunek filed a notice of appeal, which remains pending (Filing No. 538).

In the last few months, the Court also ordered Bartunek's former defense counsel to provide Bartunek the bulk of the information in his case file but twice denied Bartunek's requests that his counsel provide the discovery obtained from the government during his prosecution (Filing Nos. 506, 515, 522, 523). *See United States v. Bartunek*, No. 8:17CR28, 2024 WL 454964, at *2 (D. Neb. Feb. 6, 2024). Each time, Bartunek appealed, and the Eighth Circuit summarily affirmed (Filing Nos. 521, 535). *See* 8th Cir. R. 47A(a).

Bartunek now directly moves to compel the government to provide a host of discovery materials he ostensibly could not obtain from his former counsel. He states, "The government has a continuing duty to promptly provide any additional material discovered before or during trial pursuant to [Rule] 16(c)." *See* Fed. R. Crim. P. (imposing a continuing duty to disclose certain "additional evidence or material" discovered "before or during trial").

Emphasizing that the Eighth Circuit has held that "[c]riminal defendants do not have a general constitutional right to discovery," *United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000), the government opposes (Filing No. 534) Bartunek's latest motion.[1] Looking first at Rule 16(c), the government asserts Bartunek misreads its requirements. Based on the plain language of the rule, the government states that its "continuing duty to provide discovery under Rule 16(c)(1) ended when he was sentenced and when his case was affirmed on direct appeal."

In support, the government cites a number of similar cases, including *United States v. Felix*, in which the Eleventh Circuit observed, "Rule 16 imposes on the Government an ongoing duty to disclose information 'before or during trial.' Nothing in the rule grants the district courts the authority to enforce the rule long after the criminal case has concluded." 298 F. App'x 905, 906 (11th Cir. 2008) (unpublished per curiam). The government also reiterates that it provided "discovery to Bartunek on multiple occasions and in multiple formats" while Rule 16(c) controlled, even going so far as to facilitate him being transported to a different location so he could "review discovery that could not be duplicated under 18 U.S.C. § 3509."

Further resisting Bartunek's motion, the government next turns to Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts, which

---

[1] The government also states that it has treated a January 18, 2024, letter from Bartunek requesting records from his case file as a request for information under the Freedom of Information Act, 5 U.S.C. § 552. That request, which the government states is currently being processed, does not affect the Court's decision on Bartunek's motion to compel.

3

governs discovery in such proceedings. Rule 6(a) permits a judge—on a showing of good cause—to "authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law" in relation to a § 2255 proceeding.

The government argues Bartunek is not entitled to discovery under Rule 6 because the Court has already denied Bartunek's § 2255 motion and he has not obtained a certificate from the Eighth Circuit that would allow him to seek further post-conviction relief. *See* 28 U.S.C. § 2255(h) (requiring certification for "[a] second or successive" § 2255 motion). The result is the same for Bartunek's Rule 60(b) motion, which the Court rejected on March 26, 2024.

The government's arguments are generally well-taken. *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997) ("A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."). The Court is well-versed in the history of this case and the issues Bartunek has raised. Bartunek has had ample discovery throughout these proceedings, and the Court has carefully considered and thoroughly addressed all of his claims for relief.

Most recently, the Court reexamined its painstaking review of Bartunek's comprehensive § 2255 motion and evaluated his extensive effort to obtain relief under Rule 60(b). The Court has consistently found that Bartunek's motions lack merit and that his claims do not warrant a certificate of appealability. He has no claims pending in the district court, and to this point, the Eighth Circuit has found no reversible error in the Court's rulings.

As before, the Court finds no good cause nor any other compelling reason to revisit Bartunek's perennial request for additional discovery or to grant Bartunek's latest motion to compel. Accordingly, defendant Gregory Bartunek's *pro se* Motion to Compel (Filing No. 524) is denied.

IT IS SO ORDERED.

Dated this 10th day of April 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

5