IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:17CR28 |
| v. | |
| GREGORY BARTUNEK, | ORDER |
| Defendant. | |

This matter is before the Court on defendant Gregory Bartunek's ("Bartunek") *pro se* Motion to Reduce Sentence (Filing No. 555). Bartunek seeks relief under 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (2018). Such relief is sometimes referred to informally as "compassionate release."

This is Bartunek's second motion seeking compassionate release within a 12-month period.[1] He previously sought such relief on December 15, 2023 (Filing No. 508), which was denied by this Court's Memorandum and Order February 6, 2024 (Filing No. 514). The current motion largely repeats Bartunek's arguments from Filing No. 508 and other past rejected submissions, albeit in different contexts (Filing Nos. 482, 514).

Bartunek must either fully exhaust his administrative remedies with the Bureau of Prisons ("BOP") or wait thirty days after asking his warden to file a motion on his behalf, before seeking compassionate release. 18 U.S.C. § 3582(c)(1)(A). He has provided

---

[1] The procedural history of this case will not be repeated here, except as necessary to resolve the current motion. That history is set forth in more detail in Filing Nos. 482 and 514.

evidence that he made a request for compassionate release to the BOP on April 7, 2024.[2] That request was denied by the warden on September 30, 2024. He therefore qualifies for judicial review.

District courts generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Section 3582(c)(1)(A)(i) provides an exception to that rule, authorizing the Court to reduce a sentence if a defendant establishes "extraordinary and compelling reasons warrant such a reduction." *Id.*; *see also United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022) ("[T]he inmate bears the burden to establish that compassionate release is warranted.").

The Court can reduce a sentence under § 3582(c)(1)(A)(i) only after considering the applicable 18 U.S.C. § 3553(a) sentencing factors. The relevant § 3553(a) factors for Bartunek's request to reduce are largely the same factors the Court considered in granting a downward variance and imposing Bartunek's sentence in March 2019, in Bartunek's previous requests for relief under § 3582(c)(1)(A)(i). Such § 3553(a) factors include the serious nature and circumstances of Bartunek's child-pornography offenses; his history and characteristics, including his advanced age and prior military service; and the need for his sentence to reflect the seriousness of his crime, to promote respect for the law, and

---

[2] Bartunek includes his April 7, 2024, request to the BOP. It was based on (1) age, (2) deteriorating health due to aging, (3) risk of severe illness or death from infectious diseases, (4) the "draconian" sentence received for a non-violent crime, (5) unduly harsh supervised-release conditions, (6) severe punishment for exercising his constitutional right to a jury trial, (7) sentence discrepancy with others convicted of the same crimes and other serious crimes, like drug trafficking and murder, (8) having served over 50% of his sentence, with good behavior, (9) almost non-existent expected recidivism rate due to the type of crime and personal characteristics, (10) a purported violation of his constitutional rights, (11) constitutionally ineffective assistance of counsel, (12) actual innocence, (13) a proposed reduction of prison population and mass incarceration, and its cost to society, and (14) his good release plan. Bartunek does not raise all of the foregoing in his current motion. Some have been repeatedly rejected before and since trial, and many are outside of the scope of § 3582.

to provide just punishment for his offense. An appropriate sentence should also deter criminal conduct, protect the public, and promote rehabilitation. *See id.*

In addition, the Court must ensure that any "reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A). The most pertinent policy statement is U.S.S.G. § 1B1.13, which the Sentencing Commission amended effective November 1, 2023. As amended, § 1B1.13(b) states that "extraordinary and compelling reasons" may result from one or more of the following: (1) the defendant's medical circumstances, (2) the defendant's age, (3) the defendant's family circumstances, (4) whether the defendant was a victim of abuse while in custody, (5) other circumstances similar in gravity to those listed, and (6) some changes in the law if the defendant "has served at least ten years" of "an unusually long sentence" and the "change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed."

Bartunek broadly argues that reducing his sentence to a time-served sentence meets the § 3553(a)'s sentencing goals. Noting he has already served over 90 months, he claims enough is enough. As part of his argument, he harkens back to his often repeated (and rejected) contention that the Federal Rules of Criminal Procedure 11(c)(1)(C) plea agreement he was offered before trial, provided a range of 48 to 84 months incarceration. As was his right, he rejected that plea agreement and proceeded to trial. Bartunek takes the position that he was unfairly punished for going to trial. He did go to trial however and was found guilty by a jury of his peers. At sentencing he received a variance below his advisory United States Sentencing Guidelines. Bartunek continues to argue that the range offered in the rejected Rule 11(c)(1)(C) agreement should nonetheless have bracketed the eventual sentence he received.

Bartunek next provides a detailed statistical comparison of other child pornography sentences received both in this district and other districts nationally. While

avoidance of unwarranted sentencing disparities is one of the 3553(a) factors this Court considered at sentencing and considers now, it does not move the needle here.

Bartunek then argues that if he is released now, there is little likelihood of recidivism, based upon his age, his programming,[3] and other factors. While statistically that likelihood-of-recidivism argument may have merit, given the circumstances surrounding his offense as well as his history and characteristics, those raw statistics do not tip the balance toward relief. And, as noted previously, this crime was committed by Bartunek at the age of 61 years old.

Bartunek next argues, as he has previously, that his age, heredity, and medical circumstances weigh in favor of relief. Again, as noted in the Court's previous Memorandum and Order (Filing No. 514), although Bartunek is now 70 years old, he was 64 years old at the time of sentencing. While he has identified and provided records relating to some medical issues, none of those maladies are extraordinary, nor is there evidence that the conditions complained of cannot be adequately monitored and treated by the BOP. He also complains of the risk of COVID-19 in BOP facilities generally and to him specifically. That broad-brush claim, without more, including facility-specific, and risk-specific evidence does not provide a basis for relief.

Finally, Bartunek again argues that he was the victim of prosecutorial misconduct or overreach. Those claims have been considered and rejected by this Court on a number of occasions and again do not provide a basis of relief here, and again, is outside the scope of § 3582.[4]

The Court has again reviewed and considered all Bartunek's arguments, and all of the applicable § 3553(a) factors and again finds no "extraordinary and compelling

---

[3]Though the Court commends Bartunek for participating in programming, such participation, standing alone, is neither extraordinary or compelling.

[4]To the extent that this issue and other issues raised in this motion can be read as seeking habeas relief more properly brought under 18 United States Code § 2255, those arguments have been, and are again rejected.

reasons" to warrant a sentence reduction. Accordingly, defendant Gregory Bartunek's *pro se* Motion to Reduce Sentence (Filing No. 555) is denied. To the extent Bartunek's motion seeks habeas relief under 18 U.S.C. § 2255, those claims have been dealt with previously and are denied as successive. No certificate of appealability will issue.

IT IS SO ORDERED.

Dated this 2nd day of January 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge