IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | **8:17CR28** |
| v. | | |
| GREGORY BARTUNEK, | | **MEMORANDUM AND ORDER** |
| Defendant. | | |

This matter is before the Court on defendant Gregory Bartunek's ("Bartunek") *pro se* Motion for Reduction in Sentence/Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) and (c)(2) (Filing No. 585). *See United States v. Rogge*, ___ F.4th ___, ___, No. 24-1678, 2025 WL 1718222, at *1 (8th Cir. June 20, 2025) (noting that a motion for a sentence reduction under § 3582(c)(1)(A) is "commonly known as a motion for compassionate release"). He is serving concurrent terms of imprisonment of 120 months and 204 months for knowingly possessing and distributing child pornography. *See* 18 U.S.C. § 2252(a)(4)(B), 2252A(a)(2).

Section 3582(c)(1)(A) authorizes federal prisoners like Bartunek to move the Court to "reduce [their] term of imprisonment" for "extraordinary and compelling reasons" after exhausting their administrative remedies or thirty days after the warden of the facility where they are incarcerated receives a request to file such a motion on their behalf. Section 3582(c)(2) authorizes the Court to reduce the sentence of a prisoner "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)" when certain conditions are met.[1]

---

[1]Bartunek never elaborates on any claim purportedly based on § 3582(c)(2).

This is Bartunek's fourth motion for compassionate release. The Court denied his first motion on procedural grounds (Filing Nos. 424, 425) and denied the last two on the merits (Filing Nos. 508, 511, 514, 555, 556, 567), finding that he had not established "extraordinary and compelling reasons" to reduce his sentence as required by § 3582(c)(1)(A)(i). *See United States v. Bartunek*, No. 8:17CR28, 2024 WL 448736, at *3 (D. Neb. Feb. 6, 2024), *aff'd*, No. 24-1356, 2024 WL 3886825 (8th Cir. Feb. 27, 2024); *United States v. Bartunek*, No. 8:17CR28, 2025 WL 20320, at *3 (D. Neb. Jan. 2, 2025). His current motion comes just five months after the Court denied his last one. *See Bartunek*, 2025 WL 20320, at *1 (noting it was Bartunek's "second motion seeking compassionate release within a 12-month period"). The Eighth Circuit summarily affirmed (Filing No. 574).

As before, Bartunek relies on U.S.S.G. § 1B1.13(b), which states that one or more of the following factors may present "extraordinary and compelling reasons" for a sentence reduction: (1) the defendant's medical circumstances, (2) the defendant's age, (3) the defendant's family circumstances, (4) whether the defendant was a victim of abuse while in custody, (5) other circumstances similar in gravity to those listed, and (6) some changes in the law if the defendant "has served at least ten years" of "an unusually long sentence" and the "change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." Section § 1B1.13(c) further explains that beyond those limited circumstances, most changes in the law "shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement."

Like his prior motions, Bartunek's current request for sentencing relief proposes that his age, health, heredity, risk of severe illness or death, harshness of sentence, unusually long sentence, prosecutorial prejudice, trial penalty, sentencing disparities, exemplary behavior in prison, rehabilitation efforts, low risk of recidivism, family support, release plan, and other factors warrant reducing his sentence to time served. In

addition, Bartunek contends "two major developments in the law" mandate that the Court "reconsider his motion for compassionate release: 1) President Trump was re-elected to reduce the size of the goverment [sic] and eliminate waste, fraud, and abuse, which is inherent in all areas of the government; and 2) a change in the law regarding relevant conduct in sentenceing [sic]." As he sees it, "[t]hese changes have given rise to two additional reasons to reduce [his] sentence: 1) the cost of Bartunek's unnecessary incarceration; and 2) his sentence was unconstitutionally enhanced using past charges of criminal conduct which were not proven in a jury trial."

He goes on to decry the expansion of the criminal code, growth of the federal prison population (both generally and with respect to child pornography), the increase in prison sentences for the latter, and judges' reluctance or refusal to reduce sentences despite the public's wishes. From there, he reiterates the sentence he might have gotten if he had not rejected the plea agreement the government offered him in this case, what he sees as an unfair and unconstitutional trial penalty and unusually long sentence, the reliance on judge-found facts in imposing his sentence, and an alleged miscalculation in his United States Sentencing Guidelines range.

The Court's painstaking review of Bartunek's latest motion reveals a familiar pattern. He invariably mixes legitimate age, health, rehabilitation, and other concerns under § 1B1.13 with a litany of grievances left over from his disappointment and disagreement with his trial, conviction, and sentence. This Court has thoroughly addressed those latter concerns in Bartunek's various motions for post-conviction and other relief. *See*, *e.g.*, *Bartunek*, 2025 WL 20320, at *3; *United States v. Bartunek*, No. 8:17CR28, 2024 WL 1555830, at *3 (D. Neb. Apr. 10, 2024); *United States v. Bartunek*, No. 8:17CR28, 2022 WL 20727795, at *3, *5-*6, *12-*13 (D. Neb. Oct. 4, 2022), *certificate of appealability denied*, No. 22-3523, 2023 WL 6475447 (8th Cir. Feb. 14, 2023), *cert. denied*, 144 S. Ct. 155 (2023); *United States v. Bartunek*, No. 8:17CR28, 2022 WL 1443658, at *1, *3 (D. Neb. May 6, 2022). The Eighth Circuit

has routinely upheld the Court's rulings. *See*, *e.g.*, *Bartunek v. United States*, No. 24-1738, 2024 WL 4440448, at *1 (8th Cir. May 31, 2024), *cert. denied*, 145 S. Ct. 560 (2024); *Bartunek*, 2024 WL 3886825, at *1; *Bartunek*, 2023 WL 6475447, at *1.

The Court has also repeatedly advised Bartunek that he cannot raise those extraneous issues again under the guise of a § 3582(c) motion. *See*, *e.g.*, 28 U.S.C. § 2255(h) (requiring certification for "[a] second or successive" § 2255 motion); *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) (per curiam) ("It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure."); *Bartunek*, 2025 WL 20320, at *3; *Bartunek*, 2024 WL 448736, at *3 ("Bartunek 'cannot avoid the restrictions of [28 U.S.C. § 2255] by resorting to a request for compassionate release instead." (quoting *United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022))). By this point, it should be clear to Bartunek that "[t]he compassionate release statute is not a freewheeling opportunity for resentencing based on prospective changes in sentencing policy or philosophy." *Crandall*, 25 F.4th at 586. If it's not, the Court reminds him again here and denies any concomitant request for a certificate of appealability on any issues he raises that exceed the scope of § 3582(c). *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b)(1); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Turning to Bartunek's stated grounds for relief under § 1B1.13, the Court finds no compelling reason to alter its careful decision from just a few months ago. *See Bartunek*, 2025 WL 20320, at *2-*3. As the Court has explained in denying his last two requests, Bartunek has some factors that weigh in his favor, including his advanced age and credible health concerns. *See id.*; *Bartunek*, 2024 WL 448736, at *2-*3. But having thoroughly reconsidered the totality of his circumstances and the relevant factors, the Court is still not persuaded that his situation warrants reducing his sentence at this time. *See* 18 U.S.C. §§ 3553(a), 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13. His new-found focus on

4

issues like waste, fraud, and abuse in government spending—though always important—do not tip the scales.

For the reasons stated above and explicated more fully in this Court's prior rulings on the same issues in Bartunek's previous requests for compassionate relief, *see Bartunek*, 2025 WL 20320, at *2-*3; *Bartunek*, 2024 WL 448736, at *2-*3, his latest Motion for Reduction in Sentence/Compassionate Release (Filing No. 585) is denied without prejudice.

IT IS SO ORDERED.

Dated this 30th day of June 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge