IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | **8:17CR28** |
| v. | | |
| GREGORY BARTUNEK, | | **MEMORANDUM AND ORDER** |
| Defendant. | | |

This matter is before the Court on defendant Gregory Bartunek's ("Bartunek") latest motion for sentencing relief under 18 U.S.C. § 3582(c)(1)(A)(i) (Filing No. 606). This is Bartunek's sixth request for what is often referred to as "compassionate release." *See*, *e.g.*, *United States v. Rodriguez-Mendez*, 168 F.4th 1123, 1125 (8th Cir. 2026). Ever active, he filed his current motion before the Eighth Circuit had time to affirm (Filing No. 608) the Court's denial (Filing No. 601) of his fifth motion (Filing No. 599).[1]

In his latest motion, Bartunek gives a new reason to release him—the incapacitation of his sister-in-law, Nancy Bartunek. According to Bartunek, she cannot care for herself due to both chronic health conditions and a recent fall in which she apparently injured her neck, arms, and shoulder. He contends he "is the only available family member to be a caregiver for her." In his view, "there can be no doubt that these circumstances precisely meet the examples of extraordinary and compelling reasons listed in" United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13(b)(3).

---

[1]Recently, Bartunek also filed a letter and affidavit in support of his motion (Filing No. 612). A bullet-point listing of "Extraordinary and Compelling Reasons to Reduce Gregory Bartunek's Sentence" attached to the letter largely advances the same bases for relief that have been previously disposed of by this Court and the Eighth Circuit Court of Appeals. Those claims fail again for the reasons already given.

Bartunek has exhausted his administrative remedies regarding this most recent request, having submitted this request to his warden more than 30 days ago. The Court will proceed to the merits.

In support of his motion, Bartunek relies on § 1B1.13(b)(3) (family circumstances of the defendant) and (b)(5) (other reasons). Section 1B1.13(b)(3) deals primarily with death or incapacitation. *See* U.S.S.G. § 1B1.13(b)(3)(A)-(D). Bartunek specifically relies on § 1B1.13(b)(3)(D), which applies to the incapacitation of "any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual."

That Bartunek apparently wishes to assist his sister-in-law in her time of need is commendable. However, the Court does not believe that this situation rises to the level of extraordinary and compelling reasons for Bartunek's release. For one thing, the Court is not persuaded by Bartunek's reports of his sister-in-law's actual medical condition and needs or his assertions that his relationship with her is "similar in kind" to the relationships detailed in § 1B1.13(b)(3)(A)-(C). Bartunek's latest claim fails both by itself and in combination with the other factors that Bartunek has repeatedly raised in his now-sixth request for compassionate release.

Having thoroughly reviewed Bartunek's proposed grounds for relief and the circumstances of this case through the lens of 18 U.S.C. § 3553(a), Bartunek's sixth motion for compassionate release (Filing No. 606) is denied for the reasons set forth herein and stated in the Court's prior rulings on Bartunek's quest for compassionate release.

IT IS SO ORDERED.

3

Dated this 15th day of April 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge