IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

v.

GREGORY BARTUNEK,

Defendant.

**8:17CR28**

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant Gregory Bartunek's ("Bartunek") latest motion for sentencing relief under 18 U.S.C. § 3582(c)(1)(A)(i) (Filing No. 621).[1] This is Bartunek's seventh request for what is commonly referred to as "compassionate release." *See*, *e.g.*, *United States v. Rodriguez-Mendez*, 168 F.4th 1123, 1125 (8th Cir. 2026). This current motion (along with a subsequent motion that will be dealt with separately (Filing No. 625)),[2] were filed within days of the issuance of the mandate from the Eighth Circuit Court of Appeals affirming the Court's denial of Bartunek's sixth request for 18 U.S.C. § 3582(c)(1)(A)(i) relief (Filing No. 626).

---

[1]As to this request, it does not appear that Bartunek exhausted his remedies with the U.S. Bureau of Prisons ("BOP") as is required under 18 U.S.C. § 3582(c)(1)(A). Because this request is identical to the arguments that have preceded it, and essentially is a request to reconsider all previous compassionate release rulings, the Court will rule on the merits this time. In the future, even if Bartunek advances these same issues as in the first seven requests for relief, Bartunek must exhaust his remedies under § 3582(c)(1)(A). Regardless, Bartunek's continued presentation of the same arguments, without any change in circumstances, will not likely result in a different outcome.

[2]That request will be addressed in a separate order because it raises a new issue under United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13(b)(5) relating to his treatment by other inmates and by the BOP while in custody.

In his current motion, Bartunek readily admits that he simply repeats the bases for relief he has advanced in all of his previous motions for compassionate release. Each of those bases individually and collectively have been thoroughly reviewed and denied. Bartunek again pays particular attention to his previous argument that he should be released to assist with his sister-in-law's medical issues.

The Court, as it has in all the past requests, reviewed Bartunek's arguments in detail, taking into consideration U.S.S.G. § 1B1.13(b), as well as each of the pertinent factors set forth in 18 U.S.C. § 3553(a). The Court finds that Bartunek's motion (and addendum) are denied for the reasons stated in each of the Court's prior rulings on Bartunek's requests for 18 U.S.C. § 3582(c)(1)(A)(i) relief.

In Bartunek's motion he seeks appointment of counsel to assist him with these requests. That request is denied. Bartunek's right to counsel does not extend to post-conviction matters beyond his appeal. *United States v. Fleming*, 5 F.4th 189, 193 (2d Cir. 2021) (explaining a defendant has no right to counsel under § 3582(c);) (collecting cases); *cf. United States v. Meeks*, 971 F.3d 830, 833 (8th Cir 2020) (collecting cases). Because Bartunek has been and continues to be able to present his requests for relief in detail (albeit repeatedly), counsel will not be appointed.

Bartunek's seventh motion for compassionate release (Filing No. 621) is denied.

IT IS SO ORDERED.

Dated this 8th day of September 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge