IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY BARTUNEK,<br><br>Defendant. | **8:17CR28**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on defendant Gregory Bartunek's ("Bartunek") Motion for Sentence Reduction/Compassionate Release (Filing No. 625). As Bartunek himself notes, this is his eighth such motion (Filing Nos. 508, 555, 556, 585, 599, 606, and 621). As with his prior submissions, Bartunek seeks to rearrange, repeat, and revisit previous reasons for relief under 28 U.S.C. § 3582(a)(1)(A)(i), even though the Court has consistently found that those reasons, individually and collectively, fall short of being extraordinary and compelling, especially against the backdrop of his offense of conviction.

Bartunek argues "the more reasons given to support a claim, the less weight each individual reason needs to tip the scale in favor of relief." (Filing No. 625). Relief under § 3582(a)(1)(A)(i) is not a simple mathematical formula. Bartunek claims that the more reasons he states/requests in his ongoing requests for relief, the more likely the Court should be to grant relief. His deluge approach does little to advance his cause.

This latest motion does raise one new issue. It focuses on what Bartunek claims is harassment and assaults by other inmates while in Bureau of Prisons "("BOP") custody.[1]

[1]Bartunek does not seek relief under U.S.S.G. § 1B1.13(b)(4), which deals with victims of abuse "committed by, or at the direction of, a correctional officer, an employee

He claims that he is entitled to relief under a catch-all provision under United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13(b)(5), allowing a court to find extraordinary and compelling reasons where:

> The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

Bartunek has included within this submission "Exhibit 1," a letter to the warden at Federal Correctional Institution-Seagoville dated June 15, 2026. That letter details Bartunek's interactions with a specific FCI-Seagoville inmate ("inmate") as well as Bartunek's view of the investigation process undertaken by the BOP. That letter does establish that Bartunek has exhausted his administrative remedies with respect to the 2026 interaction with the inmate, in that more than thirty days passed between the date of Exhibit 1 (June 15, 2026), and the filing of this motion, 18 U.S.C. § 3582(c)(1)(A).[2]

Bartunek also includes as "Attachment 2," various "Incident Reports" that Bartunek himself authored detailing his interactions with the inmate at Seagoville. These submissions show interpersonal conflict with the inmate, and even detail some minor physical contact (pushing, hitting with a manilla envelope) as well as threatening posturing by the inmate. Bartunek's records show that once he complained, he and the

---

or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant." That subsection does not apply here.

[2]Bartunek also includes with his submission to the Court Exhibit 2, which appears to be his own documentation of prior interpersonal issues in 2020 at FCI-Seagoville, which involved Bartunek being "assaulted" by an inmate roommate. In his submission, Bartunek generally details inmate threats and "attacks" in Douglas County Corrections in Nebraska in 2018. These events occurred not only at least six years before the current request for relief, but also occurred at different facilities. There are no documented interpersonal issues between 2020 and 2026. These earlier afterthought reasons for relief, which are both untimely and unexhausted provide no basis for compassionate release.

inmate were briefly put in the Special Housing Unit, while the matter was investigated. Bartunek complains that the only thing that happened to the inmate is that he was moved to another housing unit. His argument that the inmate should have been disciplined differently or more harshly is not a basis for Bartunek's request for relief.

While it is unfortunate that interactions between inmates sometimes boil over into verbal and physical altercations, the incidents detailed by Bartunek do not paint a picture of anything out of the ordinary in a BOP facility. While the inmate involved in the 2026 incident may have been verbally and sometimes physically aggressive, there are no serious or permanent physical injuries involved. Indeed, with regard to the 2026 issues, it appears that the BOP has taken the situation seriously, investigated them, and taken some action. Bartunek, based on his own recounting of events, escalated some of these situations. He now essentially asks for release to avoid prison conflicts.

This Court has once again taken Bartunek's latest submission along with his previous submissions seriously and reviewed it in great detail. As with prior requests, this Court does not believe that Bartunek's submission rises to the level of extraordinary and compelling reasons which should lead to his release from prison. For the reasons stated here and in all of the Court's previous orders, U.S.S.G. § 1B1.13(b)(5) when weighed with and against the appropriate 18 U.S.C. § 3553(a) factors lead the Court to find that Bartunek's eighth motion for compassionate release (Filing No. 625) is denied.

In his motion, Bartunek again requests appointment of counsel. That request is denied for the reasons stated in the Court's Memorandum and Order of September 8, 2026 (Filing No. 628).

IT IS SO ORDERED.

Dated this 21st day of September 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge